### UNITED STATES v. GILL et al.

(District Court, S. D. Florida.  May 4, 1923.)

1. **Criminal law ⟨⟩242(1)—Sufficient indictment, identity of accused, and prima facie case authorize removal to another district.**

If the indictment alleges an offense, the identity of defendant is established, and a prima facie case is made out before the commissioner, an order of removal to another district for trial should be granted.

2. **Conspiracy ⟨⟩43(9)—Indictment charging conspiracy to use mails to defraud held sufficient.**

Indictment charging that defendant, with other parties, conspired to commit an offense by using the mails to defraud, that a contract had been entered into for the consignment and sale of produce for a stated compensation, and that accused agreed among themselves to defraud the consignors by procuring the consignees to retain 10 per cent. of the sales price as a commission, and to rebate a portion thereof to accused, and that to carry out the fraudulent agreement one of the accused wrote a letter to a commission merchant, depositing it in the post office, sufficiently charges an offense against the United States.

3. **Criminal law ⟨⟩242(1)—Individual defendant cannot object that corporate codefendant could not be charged with conspiracy.**

Where an indictment for conspiracy charged two natural persons with the offense, one of those persons could not resist removal to another district for trial on the ground that a corporation, which also was indicted, could not be indicted for conspiracy.

4. **Criminal law ⟨⟩242(5)—Indictment establishes prima facie case unless refuted.**

The presentation of a certified copy of an indictment charging an offense against the United States makes a prima facie case, authorizing removal of accused to another district for trial, unless such prima facie showing is overcome by evidence submitted by defendant.

G. E. Gill and G. W. Sawyer were indicted for conspiracy to use the mails to defraud.  On motion of the United States for an order of removal of G. W. Sawyer to the Southern district of Mississippi. Motion granted.

Harry W. Reinstine, Asst. U. S. Atty., of Jacksonville, Fla.
Gramling & Clarkson, of Miami, Fla., for defendants.

CALL, District Judge.  This cause coming on to be heard upon the motion of the United States for an order of removal of the said G. W. Sawyer from the Southern district of Florida to the Southern district of Mississippi.  Whereupon counsel for defendant objects to such order, because the indictment upon which the removal is sought

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

does not charge an offense against the United States. Some 15 grounds of objection to the indictment are alleged.

[1] It seems to me that on the inquiry, if the indictment alleges an offense, it is sufficient to base an order of removal, provided the identity of the defendant is established and a prima facia case is made out before the commissioner before whom the hearing is had.

[2] The indictment, a certified copy of which was filed before the commissioner, charges that this defendant, together with other parties, conspired to commit an offense against the United States by using the mails to defraud; that on August 7, 1920, a certain contract was entered into by a Florida corporation with the Truck Growers' Association of Mississippi to consign carload lots of tomatoes, grown, picked, crated, and loaded on cars by the association, sell same and account for the proceeds of sales, receiving for such service 5 cents a crate; that subsequent to making such contract the parties accused agreed among themselves to defraud the members of the association by arranging with the consignees to whom such carloads were shipped to retain 10 per cent. of the sales price as a commission and rebate to the accused 3 per cent. of the commission so retained, which 3 per cent. was to be converted to the use of the accused; that to carry out said fraudulent agreement one of the accused wrote a letter on April 25, 1921, to a commission merchant in New York, and deposited the same in the post office at Crystal Springs in the state of Mississippi for transport and delivery to the New York addressee.

[3] I am of opinion that such allegations are sufficient to charge the defendants with an offense against the United States. It was contended that a corporation could not be indicted for conspiracy. Be this as it may, two natural persons are charged in this indictment, and that is sufficient, in so far as this hearing and this defendant is concerned. The identity of the accused is established beyond any question; therefore the sole remaining question is has a prima facie case been made out.

[4] As I understand the law, the presentation of a certified copy of an indictment charging an offense against the United States makes this prima facie showing, unless such prima facie showing is overcome by evidence submitted by defendant. This, in my opinion, has not been done in this case.

I am therefore of opinion that the order of removal should be granted, unless the defendant enters into recognizance for his appearance in the Southern district of Mississippi for trial.