Opinion by
Hoffman, J.,
Appellant was convicted in 1964 of assault with intent to commit sodomy on a five year old boy. At the conclusion of his trial he was sentenced to a term of imprisonment of one day to life pursuant to the provisions of the Barr-Walker Act, the Act of January 8, 1952, P. L. (1951) 1851, §1, 19 P.S. §1166.
In Commonwealth v. Dooley, 209 Pa. Superior Ct. 519, 232 A. 2d 45 (1967), the Barr-Walker Act was declared unconstitutional. Following this decision, the lower court on October 9, 1967, vacated appellant’s Barr-Walker sentence and imposed in its stead a sentence of not less than five nor more than ten years. In this appeal from a denial of his petition for writ of habeas corpus, appellant attacks the new sentence.
As stated by the lower court, “the issue now presented is whether this prisoner having been convicted of the crime of assault and solicitation to commit sodomy under The Penal Code, Act of June 24, 1939, P. L. 872, §502, 18 P.S. §4502 which carries a maximum sentence of five years imprisonment could be sentenced to a maximum of ten years.”
In deciding this question adversely to the appellant, the lower court relied exclusively on the Act of June 24, 1939, P. L. 872, §1110, as amended, 18 P.S. §5110. This Act provides that “[w]hoever, being of the age of twenty-one years and upwards, after having been con *3 vieted. of the crime or attempt to commit the crime of . . . sodomy . . . wherein a minor child under the age of eighteen (18) years is involved as a principal or as an accomplice or as an accessory before or after the fact or as an associate, may, upon conviction of any of the aforementioned crimes, be sentenced to imprisonment for a term, the maximum of which shall not be more than twice the longest term otherwise prescribed by law upon a conviction of the crime in question.”
The lower court reasoned that the five year old victim of the assault was an “associate” of the appellant within the meaning of the Act, and that therefore, the sentence given was appropriate.
The lower court, however, misconstrued the meaning of the term “associate” within the context of the act. The general intent of 18 P.S. §5110 is to punish persons who involve minors as willing parties in certain types of specified crimes. Specifically, “associate” has been defined to mean the following: “One often in company with another, implying intimacy or equality; also one having an interest in common with another, as a confederate, a colleague in office. ... As frequently used in the plural, the word has been defined as meaning persons united, acting together by mutual consent, by compact, to the promotion of some common objective.” 7 Corpus Juris Secundum p. 16. See also Moore v. Reid, 112 F. Supp. 181, 185 (D.C.D.C. 1956) ; and United States v. Taliaferro, 290 F. 211, 218 (D.C., W.D. Va. 1922), where it was noted that the distinction between conspiring with and associating oneself with is “rather fine.”
In the instant case, the five year old victim of the assault could not be deemed to have consented to the performance of the criminal act or otherwise be criminally responsible for the crime. In Commonwealth v. Bowes, 166 Pa. Superior Ct. 625, 71 A. 2d 795 (1950), *4 it was held that a child under the age of seven, who was the victim of an assault with intent to commit sodomy, “is conclusively presumed to have no capacity to commit a crime, and therefore cannot be either a principal, an accomplice or an accessory thereto. She lacked the capacity to commit an assault and battery and likewise lacked the capacity to consent to its commission upon her.” 166 Pa. Superior Ct. at 627.
Accordingly, the five year old boy was not an “associate” of the appellant within the meaning of 18 P.S. §5110. Therefore, the judgment of sentence cannot stand.
Appellant having already served his maximum under the Sodomy Act, must be discharged.
Judgment of sentence is vacated and appellant is discharged.