No. 18,625.

HOSEA RILEY, ET AL. *v.* CITY AND COUNTY OF DENVER, ET AL.

(324 P. [2d] 790)

Decided April 25, 1958.

Mr. FRANCIS R. SALAZAR, Mr. E. F. CONLEY, for plaintiffs.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

By complaint filed as an original proceeding in this court, designated "For Relief in the Nature of Mandamus," the two named plaintiffs seek by a class action to secure the release of themselves "and all others similarly situated, who are being unlawfully detained and confined in [the County Jail of the City and County of Denver] by virtue of purported and void judgments of the Municipal Courts of the defendant municipal corporation."

The prayed-for relief stems from our decision in *City of Canon City v. Merris,* 137 Colo. 169, 323 P. (2d) 614 (March 17, 1958). It is said that the "imprisonment, detention, confinement, and restraint are illegal in that the Municipal Courts of said defendant corporation were without jurisdiction of the offenses with which plaintiffs, were charged and upon which purported trials were had in said courts"; that they were not accorded trials in compliance with constitutional guarantees; and that the defendants fail and refuse to abide by, and follow, the decision in the Merris case.

It appears from the complaint that the plaintiffs, and the class represented by them, have presented to the District Court in Denver the matters forming the basis of this claim, and that the District Court "has failed and refused to act except upon individual applications of members of the class represented by plaintiffs."

They "pray for themselves and all others in the class represented by the plaintiffs that this Honorable Court forthwith enter an order requiring the defendants herein to immediately release all persons, in this class, being illegally deprived of their liberty."

In content the complaint presents what is essentially a habeas corpus proceeding rather than mandamus. Absent only is a request for the issuance of a writ addressed to defendants, returnable on a certain date, and directing the production of the persons seeking release before the court. "The purpose of proceedings in habeas corpus is to determine whether or not the

person instituting them is illegally restrained of his liberty * * *" *In re Moyer,* 35 Colo. 159, 85 Pac. 190, 12 L.R.A. N.S. 979, 117 Am. St. Rep. 189.

■ Although habeas corpus is a civil proceeding, *Martin v. District Court,* 37 Colo. 110, 86 Pac. 82, 119 Am. St. Rep. 262, we hold that the Rules of Civil Procedure, providing for class actions, do not apply. The very nature of habeas corpus proceedings forfends class actions.

. "The petition should have been dismissed on presentation. A commitment to prison acts individually on each person committed and a writ seeking his discharge on habeas corpus must likewise be individual. Seventeen persons cannot join in one petition for a writ of habeas corpus, any more than seventeen persons convicted of crime and sentenced to prison could take one appeal. The sentence of imprisonment acts upon each convict personally and separately and each must take a separate appeal. Durbin v. Com., 45 Pa. Super, 156; Com. v. Falls, 102 Pa. Super. 392, 156 A. 894; Com. v. Schollenberger, 17 Pa. Super. 218." — *Ferree, et al. v. Douglas, et al.,* 145 Pa. Super. 447, 21 Atl. (2d) 472.

See *In re Kosopud, et al.,* 272 Fed. 330 and *United States ex rel. Bowe et al. v. Skeen,* 107 F. Supp. 879.

■ It is alleged in the complaint that the same matters presented here were considered by the District Court, and by it resolved contrary in great part to the contentions of the plaintiffs and the class represented by them. Under such circumstances writ of error is the appropriate remedy for review. It is elementary that the prerogative writs, as they were termed before the adoption of the rules of civil procedure, can never be used to usurp the province of a writ of error. *People v. District Court,* 22 Colo. 280, 44 Pac. 506.

For these reasons the complaint herein is ordered dismissed.