No. 18,972.

HAROLD RAY LOWE *v.* PEOPLE OF THE STATE OF COLORADO.
(342 P. [2d] 631)

Decided July 13, 1959.

Mr. HAROLD RAY LOWE, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant,
for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

LOWE, pro se, seeks to have reversed an adverse judg-
ment rendered in habeas corpus proceedings. An ac-
credited record of the pleadings and of what transpired
in the hearing before the trial court has not been filed
in this court, although the case stands submitted on
briefs. Some purported copies of trial court memorials
and entries are the only material masquerading before
us as the record of the case.

From this unofficial, fragmentary material we glean
that Lowe was brought to the State of Colorado from

the State of Washington in extradition proceedings; that he had been charged with, and when present here pled guilty to, the crime of confidence game; and that the trial court on such plea imposed a sentence of four to eight years in the state penitentiary, where he now is, and has been since shortly after the imposition of the sentence.

Lowe instituted habeas corpus proceedings in January of this year, the unfavorable disposition of which forms the basis of his writ of error here. It is claimed that he was illegally extradited; that his plea of guilty was extracted from him by coercion, intimidation and threats; and that the trial court acted irregularly, and contrary to law, in disposing of the habeas corpus proceeding. These assertions are made in terms most general, nebulous and insubstantial.

In *Kirkendoll v. People,* 138 Colo. 267, 331 P. (2d) 809, we inveighed against resorting to a process which disregarded the measures providing for an orderly procedure in writs of error, and admonished that there must be a substantial compliance with their requirements, and that they were equally applicable to the layman who chose to represent himself as to the lawyer who acted for his client before this court. Notwithstanding the present case is before us in a state of fatal deficiency — lacking essentials for our consideration on writ of error — all of which brings it within the interdictory language employed in *Kirkendoll v. People,* supra, we shall consider what we conceive to be the bones of contention of this case.

With crystal clarity Justice Day delineated the circumscribed area in which a person convicted of crime could resort to habeas corpus as a remedy in the case of *Freeman v. Tinsley,* 135 Colo. 62, 308 P. (2d) 220. Such person may invoke the remedy if there is present a question of the court's jurisdiction of the person, or its jurisdiction of the accusation made against the defendant, or where the question arises as to whether the judgment

and sentence were within prescribed statutory limits. And we further held in *Riley v. Denver,* 137 Colo. 312, 324 P. (2d) 790, that the writ of habeas corpus is not a corrective remedy, and is never allowed to perform the function of a writ of error.

In view of these decisions it becomes apparent that habeas corpus is not the proper remedy to secure the accused's release from the penitentiary after the imposition of sentence upon his plea of guilty, on the ground that the plea was involuntarily made. See *Ex parte Darling,* 120 Nebr. 829, 235 N.W. 582. There is no jurisdictional problem appearing in such setting; but, depending upon the gambit employed by Lowe, there could have been a basis for writ of error.

 Lowe may not invoke the remedy of habeas corpus to obtain his release from an imprisonment based upon his plea of guilty to a charge of the crime of confidence game, predicated upon an alleged illegal extradition by which he was brought into this state to be tried for such crime. Extradition, if illegal, should have been contested initially and at every stage to, and through, the appellate process. Whatever the remedy or remedies afforded by the asylum or demanding state for an illegal extradition, they should have been pursued. Detention under extradition process and detention under an imposition of sentence for the commission of a crime, albeit by extradition the accused was present for the trial which ultimately resulted in his incarceration, represent different detentions growing out of two separate procedures. Under the circumstances present here, an illegal extradition is impotent to engender a jurisdictional question invalidating the incarceration arising out of the criminal case wherein he was tried, convicted, and is now serving the sentence imposed.

In *People v. Griffith,* 130 Colo. 475, 276 P. (2d) 559, Justice Moore applied the rule stated in 22 C.J.S. 236, §144, to an analogous situation, and it is equally pat here:

"As a general rule, however, the jurisdiction of the court in which an information or indictment is found is not impaired by the manner in which accused is brought before it; courts of criminal jurisdiction not being required to inquire as to how the prisoner came within reach of their mandates, the presence of accused in the court on a proper charge being sufficient to confer jurisdiction of his person thereon, even though he was arrested without a warrant contrary to law. The illegal arrest of one charged with crime is no bar to his prosecution if all other elements necessary to give a court jurisdiction to try accused are present, a conviction in such a case being unaffected by such unlawful arrest."

■ Absent a proper record of the habeas corpus action, we indulge in the presumption that the proceedings in the trial court were conducted meetly and regularly. *Denver v. Wilson,* 81 Colo. 134, 254 Pac. 153; *Zurich Co. v. Bonebrake,* 137 Colo. 37, 320 P. (2d) 975. Indeed, the record would be the only means generally by which the presumption of regularity of judicial proceedings could be dispelled. It would reveal the irregularity, if any, upon which Lowe could rely.

■ Finally, the language of Justice Knauss has an aptness on another phase of this proceeding, in that the People of the State of Colorado is not a proper party in a habeas corpus action. "[A] writ of habeas corpus does not run against the People of the State of Colorado." *Oates v. People,* 136 Colo. 208, 315 P. (2d) 196. His reasoning for so holding is unassailable.

Since we are convinced that there is nothing indicating error in this case, the judgment of the trial court is affirmed.