No. 19,309.

GLEN ALTON BATES *v*. HARRY C. TINSLEY, Warden.
(353 P. [2d] 76)

Decided June 20, 1960.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

BATES was convicted in February of 1959 of the crime of receiving stolen goods and was sentenced to a term of one and one-half years in the state penitentiary. No motion for a new trial was made and no writ of error was sued out relative to that conviction. On October 10, 1959, Bates filed a petition for a writ of habeas corpus in the District Court of Ouray County, which was denied by that court on October 23, 1959. A motion for rehearing was filed and denied on December 10, 1959.

The issue presented is the propriety of the action of the trial court in refusing to grant the writ of habeas corpus. The grounds urged in support of petitioner's claim that the trial court so erred are: (1) that an essential element of the offense involved, namely, that the allegedly stolen property had a value of over $50.00, was never proved; that therefore the petitioner was never convicted of a felony, hence the trial court had no jurisdiction to sentence him to the penitentiary; and (2) that the petitioner plead guilty to the offense charged only because of threats and coercion.

The controlling principles of law are set forth in *Lowe v. People* (1959), 139 Colo. 578, 342 P. (2d) 631, in which this court reaffirmed the often stated rule that habeas corpus is not a corrective remedy and may not be used to perform the function of a writ of error. It was there specifically held that habeas corpus is not the proper remedy to secure release from the penitentiary of one convicted of a crime after imposition of sentence upon his plea of guilty, on the ground that his plea was

involuntarily made. Petitioner having failed to show affirmatively some irregularity in the arraignment and entry of his plea of guilty, it must be presumed that the trial court followed the statutory requirements and that the receipt of his plea was proper in every respect. Also see *Freeman v. Tinsley* (1957), 135 Colo. 62, 308 P. (2d) 220.

One difference between the instant case and *Lowe* supra is that here petitioner alleges that no felony was committed since he asserts the necessary jurisdictional amount was not proved, *a fortiori* the judgment and sentence cannot be within the prescribed statutory limits. No transcript of the evidence being before us, we cannot determine the truth of this allegation, but even if true it would not necessarily make any difference in our holding here. This is so because based upon the charge to which he plead guilty, his conviction and sentence, as shown by the briefs, was proper.

We conclude that petitioner's showing in this action does not bring him within the applicable rules for the relief requested.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE DOYLE not participating.