Otis Charles **TRUEBLOOD**, Appellant,

v.

Harry S. **TINSLEY**, Warden, Colorado State Penitentiary, Appellee.

No. 7225.

United States Court of Appeals
Tenth Circuit.

March 28, 1963.

Samuel D. Menin, Denver, Colo., for appellant.

John E. Bush, Asst. Atty. Gen. of Colorado (Duke W. Dunbar, Atty. Gen., of Colorado, and Frank E. Hickey, Deputy Atty. Gen., of Colorado, were with him on the brief), for appellee.

Before BRATTON, LEWIS and HILL, Circuit Judges.

BRATTON, Circuit Judge.

Otis Charles Trueblood, petitioner in this proceeding in habeas corpus, was convicted in the District Court of the City and County of Denver, Colorado, of the offense of assaulting and taking indecent liberties with a girl under sixteen years of age; and he was sentenced to an indeterminate term of not less than one day or more than life in the state penitentiary. By petition for a writ of habeas corpus filed in the state court, petitioner challenged the judgment and sentence on the ground that under the law of Colorado the maximum punishment which could have been imposed upon him in the criminal case was confinement in the penitentiary for not more than ten years. The petition was denied; the denial was affirmed, Trueblood v. Tinsley, Colo., 366 P.2d 655; and certiorari was denied, 370 U.S. 929, 82 S. Ct. 1570, 8 L.Ed.2d 507.

Having exhausted his remedy in the state courts, petitioner instituted in the United States Court for Colorado this proceeding in habeas corpus to obtain his discharge from further confinement. The basis of the asserted right to discharge was that section 40–2–32 of the Colorado Revised Statutes 1953 fixes a penalty of confinement of not more than ten years for the offense for which he was convicted; that he should have been sentenced under that statute; that instead, the court erroneously sentenced him to an indeterminate term of not less than one day or more than life under section 39–19–1, Colorado Revised Statutes 1953, Perm.Cum.Supp.; and that the imposition of sentence upon him under that statute resulted in the denial of equal protection of law in violation of the Fourteenth Amendment to the Constitution of the United States. The writ was denied and the proceeding is here on appeal.

While petitioner expresses doubt respecting the constitutional validity of section 39–19–1, supra, under any and all circumstances, the nub of the primary contention urged for reversal of the judgment denying the petition for the writ in this case is that the court lacked jurisdiction to impose sentence under such statute until a psychiatric examination had been made of him and a psychiatric report had been submitted in which it was found that he constituted a threat of bodily harm to members of the public, or that he was an habitual offender and mentally ill and that he was treatable under the act; and that the court did not have before it a report containing such requisite findings. Section 40–2–32, Colorado Revised Statutes 1953 provides in presently pertinent part that the punishment for assaulting and taking indecent liberties with a person under sixteen years of age shall be confinement in the penitentiary for a term of not more than ten years. Section 39–19–1, supra, under which petitioner was sentenced is part of the so-called sex offenders act of the state. It provides in substance that for better administration and the more efficient control, treatment, and rehabilitation of sex offenders, the court may in lieu of other provisions of law sentence such a person to a state institution for an indeterminate term of not less than one day or more than life. Section 39–19–2 provides in substance that no person shall be sentenced under the sex offenders act until a psychiatric examination has been made and a complete report thereof submitted to the court containing all the facts and findings, together with recommendations as to whether or not the person is treatable under the provisions of the act; whether the person should be committed to the state hospital or to the home and train-

ing schools as mentally deficient; and whether in the opinion of the psychiatrist the person could be adequately supervised on probation. And section 39-19-5 provides in substance, that after a psychiatric examination has been made and a report thereof has been submitted, the court may, if it is of the opinion that it would be to the best interest of justice, sentence such person under the act. A psychiatric examination of petitioner was made and an extended report thereof was submitted. In such report, the examiner stated that it was very doubtful whether petitioner was treatable under the act; that it appeared very unlikely that he would benefit from commitment to the state hospital; that he was not mentally deficient; that if he committed the offense for which he had been convicted, it was not possible to give any assurance that he would not repeat such offense; and that if supervision on probation meant supervision to prevent further offenses, it would obviously be a very difficult matter under any circumstances. The report did not contain findings expressed in the words of section 39-19-2. And it may be that the imposition of the sentence without a report paralleling more closely the language contained in the statute constituted procedural error open to correction on appeal. But that question is not before this court. It is enough to say that the sex offenders act does not purport to make the findings or opinion of the psychiatrist binding or controlling on the court. It is merely an aid to the court. The act vests in the court, after the psychiatric examination has been made and the report thereof filed, power to determine whether sentence should be imposed under such act. Trueblood v. Tinsley, supra. The court made that determination, and we fail to find any sustainable basis for the contention that imposition of the sentence violated any rights of petitioner under the Fourteenth Amendment.

Affirmed.