No. 20,703.

FRANCIS EDDIE SPECHT *v*. HARRY C. TINSLEY, WARDEN, ETC.

(385 P. [2d] 423)

Decided September 30, 1963.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN E. BUSH, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

IN his petition for a writ of habeas corpus Specht alleged that he was being "illegally and unlawfully detained by respondent [Tinsley] at the Colorado State Penitentiary . . . in violation of his rights pursuant to the Constitution of the United States and the Constitution of Colorado" and sought issuance of the writ on the following grounds:

1. That though convicted of the crime of indecent liberties as defined in C.R.S. '53, 40-2-32, he was thereafter improperly and unlawfully sentenced under C.R.S. '53, 39-19-1, et seq., to a term of not less than one day or more than life in the state penitentiary, rather than being sentenced pursuant to the statute under which he was convicted, viz. C.R.S. '53, 40-2-32, which states that the "felonious assaulter" if over eighteen shall be confined in the penitentiary for a term of not more than ten years;

2. That even under C.R.S. '53, 39-19-1, et seq., the trial court was without jurisdiction to sentence him because of its alleged failure to "arraign" him as required by C.R.S. '53, 39-19-5 (1960 Perm. Supp.);

3. That the sentence imposed is "outside the statutory limits," inasmuch as C.R.S. '53, 39-19-1, et seq., is itself unconstitutional in that it violates:

a. The Eighth Amendment to the United States Constitution and Article II, section 20 of the Colorado Constitution, each of which prohibits "cruel and unusual punishment";

b. Article III of the Colorado Constitution which prohibits the legislature from delegating a legislative power to the judiciary, and the judiciary in turn from thereafter delegating the judicial power to fix and determine a sentence to the executive department, i.e., the Parole Board; and

c. The equal protection clause of the Fourteenth

Amendment to the United States Constitution and the due process clause of the Colorado Constitution, i.e. Article II, section 26.

At the outset it should be noted that C.R.S. '53, 65-1-1, provides *inter alia* that "[t]he Court or judge to whom the application is made shall forthwith award the writ of habeas corpus, unless it shall appear from the petition itself, or from the documents annexed, that the party can neither be discharged nor admitted to bail, nor in any other manner relieved." Here, however, the trial court in the first instance neither issued the writ nor denied the issuance thereof, but rather chose to order the respondent, Warden Tinsley, to show cause "why a writ of Habeas Corpus should not issue."

In due time the respondent in response to the order to show cause filed an answer and the petitioner a reply thereto, whereupon the trial court then denied the petition and refused to issue the writ. By writ of error Specht now seeks reversal of the judgment.

Habeas corpus is not intended to take the place of review by writ of error, and the fact that one may be improperly or unlawfully confined "for any criminal or supposed criminal matter" does not, *ipso facto,* entitle him to be "discharged" or "admitted to bail" or in "any other manner relieved" through the use of habeas corpus. In Colorado, habeas corpus historically has been available to one who has been committed in a criminal proceeding only when one or more of the following situations exist:

1. The sentencing court had no jurisdiction of the person of the accused; or

2. The sentencing court had no jurisdiction of the crime alleged in the information or indictment; or

3. The sentence imposed was not "within the prescribed statutory limits," be it as to the sentence proper or the designated place of incarceration.

See *Lowe v. People,* 139 Colo. 578, 342 P. (2d) 631;

*Freeman v. Tinsley,* 135 Colo. 62, 308 P. (2d) 220, and *Stilley v. Tinsley,* 153 Colo. 66, 385 P. (2d) 677.

█ Applying this test to the instant case, it is clear that Specht in a habeas corpus proceeding may not successfully raise the procedural issue that he was not sentenced in conformity with C.R.S. '53, 39-19-5, in that he was not "arraigned" under that statute prior to sentence. Disregarding the fact that this alleged procedural defect may not be raised by habeas corpus, the contention itself is deemed to be without merit. The record affirmatively discloses that Specht, along with his counsel, was present in open court when sentence was imposed and such is compliance with the statutory requirement that he be "arraigned" at the time of sentence under C.R.S. '53, 39-19-1, et seq.

We deem it unnecessary to comment on certain other procedural errors allegedly committed by the trial court in its handling of this matter, none of which would in anywise justify the granting of the relief prayed for in the petition. Rather, the remaining and overriding issue posed by this writ of error concerns the constitutionality of C.R.S. '53, 39-19-1, et seq., pertaining to the sentencing of so-called sex offenders. Specht contends that C.R.S. '53, 39-19-1, et seq., is unconstitutional and therefore the sentence imposed was not within the statutory limits prescribed in C.R.S. '53, 40-2-32, i.e., not more than ten years in the state penitentiary.

█ Specht's several contentions pertaining to the alleged unconstitutionality of this statute have heretofore been considered and rejected by this Court. See *Trueblood v. Tinsley,* 148 Colo. 503, 366 P. (2d) 655, where this very statute was held to be constitutional. Specht argues, however, that *Trueblood v. Tinsley,* supra, is "erroneous" in that it "misconstrues" certain of the cases cited therein. Suffice it to say that we adhere to our holding in the *Trueblood* case and conclude that C.R.S. '53, 39-19-1, et seq., is not subject to the several constitutional infirmities suggested by

Specht. Such being the situation, the trial court under the circumstances committed no error in refusing to issue the writ and denying the petition.

The judgment is affirmed.