## No. 21260.

FRANCIS EDDIE SPECHT *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(396 P.2d 838)

Decided November 16, 1964.     Rehearing Denied December 14, 1964.

Plaintiff in error, pro se.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John E. Bush, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

The plaintiff in error, Francis Eddie Specht, was convicted of the crime of indecent liberties under C.R.S. '53, 40-2-32, and was sentenced under Chapter 122, Session Laws 1957 [C.R.S. '53, 39-19-1 et seq. (1960 Perm. Supp.)], commonly called the Sex Offenders Act. He seeks reversal of the denial of his motion, pursuant to Rule 35 (b), Colo. R. Crim. P., to vacate, set aside or correct the judgment and sentence.

The information charged that Specht:

". . . who was then and there over the age of 14 years, did unlawfully and feloniously entice, allure and persuade a child, namely, . . . . . who was then and there under the age of 16 years, then and there into an office for the purpose of taking immodest, improper, immoral and indecent liberties with the person of said child; and did then and there unlawfully and feloniously take immodest, improper, immoral and indecent liberties with the person of such child, namely, the said . . . . . ; and did then and there unlawfully and feloniously attempt to take immodest, improper, immoral and indecent liberties with the person of such child, namely, the said . . . . ."

He pleaded not guilty and the issue thus joined was tried to a jury, which returned a verdict of guilty. The trial court invoked the Sex Offenders Act and sent him to the Colorado Psychopathic Hospital for examination. He was thereafter sentenced to a term of not less than one day nor more than life in the State Penitentiary, under the Sex Offenders Act. Specht sought and was denied habeas corpus. See *Specht v. Tinsley*, 153 Colo. 235, 385 P.2d 423. He then filed the motion to vacate, set aside or correct judgment and sentence which is the subject matter here for review.

Specht contends that his constitutional rights have been violated because (1) he was sentenced under

the Sex Offenders Act, although he was convicted of violating only C.R.S. '53, 40-2-32; (2) sentencing under the Sex Offenders Act is cruel and unusual punishment within the Eighth Amendment to the United States Constitution and Article II, Section 20 of the Colorado Constitution; (3) Article III of the Colorado Constitution prohibits sentencing under the Sex Offenders Act, because the Sex Offenders Act unlawfully delegates legislative power to the judiciary and unlawfully delegates judicial power to the executive branch (the Parole Board); and (4) sentencing under the Sex Offenders Act violates his rights to equal protection and due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article II, Section 25 of the Colorado Constitution. Despite Specht's assertions to the contrary, these contentions have all been dealt with and disposed of in the earlier case, *Specht v. Tinsley,* supra:

"Specht's several contentions pertaining to the alleged unconstitutionality of this statute have heretofore been considered and rejected by this court. See *Trueblood v. Tinsley,* 148 Colo. 503, 366 P.2d 655, where this very statute was held to be constitutional. Specht argues, however, that *Trueblood v. Tinsley,* supra, is 'erroneous' in that it 'misconstrues' certain of the cases cited therein. Suffice it to say that we adhere to our holding in the Trueblood case and conclude that CRS '53, 39-19-1 et seq. is not subject to the several constitutional infirmities suggested by Specht."

▆▆ Specht next argues that one cannot be charged, as he was, with a completed act, and also with an attempt to do that act. It is true that one cannot be found *guilty* of both enticement and attempting to take immodest, immoral and indecent liberties, and enticement and taking immodest, immoral and indecent liberties. *Martinez v. People,* 111 Colo. 52, 137 P.2d 690. But nothing in the law prevents the People from *charging* the accused with the two offenses.

Two problems with the information remain: (1) instead of precisely following the statutory language, it charges the taking of "immodest, *improper*, immoral and indecent liberties," (emphasis added) and (2) it charges three offenses in one count. If the word "improper" were stricken, the information would then read precisely in accordance with the statute. Averments which are not necessary to a sufficient description of the offense may be stricken as surplusage. *State ex rel. Leichner v. Alvis,* 114 N.E.2d 861 (Ohio App.). As to Specht's second attack with respect to the form of the information, it is true that the information charged three offenses in one count and was therefore clearly duplicitous. Review on grounds of duplicity is proper only by writ of error to the conviction and not by means of Rule 35, Colo. R. Crim. P. And even on writ of error, an attack on the ground of duplicity is only a matter of form, and must be made before trial. *Russell v. People,* 155 Colo. 422, 395 P.2d 16; *Warren v. People,* 121 Colo. 118, 213 P.2d 381; Rule 12 (b), Colo. R. Crim. P. The record discloses neither a timely objection, nor that the defendant was misled as to the charges against him.

Specht also argues that the offenses defined in C.R.S. '53, 40-2-32, are not clearly expressed in its title, as required by Article V, Section 21 of the Colorado Constitution. Specht is mistaken in his belief that the words "Assault on a child under sixteen" as a headnote to the pertinent section of the statute in C.R.S. '53 constitute its title for the purposes of Article V, Section 21. The Constitution refers to the title of a bill as it is presented to the legislature. The headnote to C.R.S. '53, 40-2-32, has no relation to that title. Even if the title to the bill had been defective, the passage by the legislature of the official report of the committee on statutory revision, creating Colorado Revised Statutes 1953, cured any defect, because the statute as re-enacted was

thereafter alone the law. *Tinsley v. Crespin,* 137 Colo. 302, 324 P.2d 1033; C.R.S. '53, 135-4-2.

██ ██ Specht's last argument is that he was never informed by the Court of the possibility that he might be sentenced under the Sex Offenders Act, and that he was only sentenced under its first two sections, rather than under the act as a whole. We know of no requirement that a defendant be advised by the Court of the possible sentence when he pleads *not* guilty. Further, we know of no requirement that one must be sentenced under an act as a whole.

The judgment is affirmed.

MR. JUSTICE HALL not participating.