Mr. Justice Sutton
delivered the opinion of the Court.
Plaintiff in error was the defendant in the trial court and will be so referred to herein.
An information charged defendant with indecent and improper liberties with a child under sixteen years of age, in violation of C.R.S. ’53, 40-2-32. He made and signed a voluntary statement confessing to acts constituting such an offense. He also admitted therein two prior convictions for similar offenses in the State of Florida. Following his plea of guilty defendant was sent for psychiatric examination to the Colorado Psychopathic Hospital before sentencing in compliance with C.R.S. ’53, 39-19-2.
Prior to the hospital commitment order and later sentence, the trial court fully explained to the defendant his rights to a jury trial and to counsel both of which he expressly declined. During the trial court proceedings the judge also carefully explained to defendant that the court could, in its discretion, sentence him under his plea of guilty to violation of C.R.S. ’53, 40-2-32, to either the state penitentiary for not more than ten years, or under the Sex Offenders Statute, C.R.S. ’53, 39-19-1, to from one day to life. After this explanation the court gave the defendant a chance to withdraw his plea of guilty, which he declined to do.
Following receipt of the report of the psychiatrists the court on March 25, 1963, sentenced defendant under the Sex Offenders Statute for from one day to life. It is this sentence to which he now objects.
Defendant’s motion, under Colo. R. Crim. P. 35(b), pro se'and en forma pauperis, to vacate and amend the *203 sentence was heard and, after review of the record by the court, was denied. A motion for rehearing was also denied.
Thirteen points are urged for reversal only three of which we will consider here; they are summarized as follows:
(1) That the Sex Offenders Statute, C.R.S. ’53, 39-19-1, is unconstitutional;
(2) That the trial court’s sentence of defendant under C.R.S. ’53, 39-19-1, when he had plead guilty to a violation under C.R.S. ’53, 40-2-32, was unconstitutional in that it violated “the 14th Amendment”; and,
(3) That the trial court failed to act upon defendant’s motion under Colo. R. Crim. P., Rule 35 (b).
The constitutionality of the Sex Offenders Statute has recently been upheld by this court in Vanderhoof v. People, 152 Colo. 147, 380 P.2d 903 (1963), and Trueblood v. Tinsley, 148 Colo. 503, 366 P.2d 655 (1961).
As to defendant’s second contention that the trial court erred in sentencing him under C.R.S. ’53, 39-19-1, when he plead guilty to C.R.S. ’53, 40-2-32, he overlooks that these statutes are in pari materia and must be interpreted together. So reading them, it becomes readily apparent that an offender under 40-2-32 may be sentenced in accordance with the provisions of 39-19-1 “. . . if the district court is of the opinion that any such person, if at large, constitutes a threat of bodily harm to members of the public . . .,” and the latter finding was expressly and justifiably made in this case.
Defendant relies on Vanderhoof, supra, in support of his motion to vacate and amend sentence but the factual situation there is not similar to the instant one and that decision has no bearing on this particular issue. As is evidenced by this record, the trial court went to great lengths to inform the defendant that the court could, in its discretion, impose a sentence of from one day to life and that is what was later decreed.
*204 As to the contention that the trial court failed to act on defendant’s motion filed under Rule 35 (b) the record discloses exactly the contrary. Both his motion to vacate and amend sentence and his motion for rehearing were considered and properly acted upon by the trial court.
The judgment is affirmed.