Mr. Justice Moore
delivered the opinion of the Court.
William Patrick Scotland, to whom we will refer as the defendant, is here on writ of error seeking reversal of the action of the trial court which denied his “Motion to Vacate and Set Aside Judgment and Sentence,” filed under Rule 35 (b) of the Colorado Rules of Criminal Procedure.
The defendant appears before us pro se, and informs us that he is studying law in the penitentiary and that he decided “to do his own work” in connection with this case. He tells this court: “If you want a job done, do it yourself.” He further states in the document filed, which he calls his “opening brief,” that he “does intend to complete his schooling and practice law,” and that he will “not only practice law but wage a constant and vigorous battle to return the profession of law to the high level defendant has recently learned it once held.” We direct attention to the above remarks of the defend *499 ant to the end that there may be no misunderstanding concerning his election to dispense with the services of an attorney. The “brief” of defendant, as might be expected under these circumstances, is fraught with wholly irrelevant recitals of emotional conflicts and alleged grievances, actual or illusory, which indicate a complete lack of familiarity with any of the legal principles applicable to post conviction remedies.
We have, nevertheless, carefully considered the record which has been filed to determine what the material facts are, from which chronology we glean the following situation: An Information, filed September 26, 1961, in the County of Boulder, Colorado, charged the defendant with violation of C.R.S. ’53, 40-2-34, a felonious assault upon another person with a deadly weapon with intent to commit a bodily injury. This subjected him, by statute, upon conviction, to a penitentiary sentence of from one to not more than five years. The defendant was represented in a jury trial by counsel of his own choice. His plea was “not guilty.” The jury returned a verdict of “guilty as charged in the Information.” Thereafter, defendant did not file a motion for new trial but filed an application for probation. This was followed by a petition for examination by a psychiatrist, which was granted. Probation for two years was also granted. On November 15, 1961, the court suspended the imposition of sentence and fixed the conditions of the defendant’s probation. About seven and a half months later the defendant’s probation officer moved to revoke the probation. A hearing was then held at which the defendant and his attorney appeared. It resulted in revocation of probation and sentence of the defendant to the Colorado State Penitentiary for from not less than three or to not more than five years as provided for by 40-2-34, supra. Petitions by the defendant for a free transcript were denied initially or stricken, in view of the reported financial status of the defendant. Subsequently, on May 4, 1964, the court ordered that the defendant receive, at *500 the expense of Boulder County, that part of the record “as may be determined to be proper after he has filed his designation of record on error.” That part of the record is now before this court.
The defendant, in due course, on April 3, 1964, moved to Vacate and Set Aside Judgment and Sentence pursuant to Rule 35 (b) of the Colorado Rules of Criminal Procedure. He also petitioned for a Writ of Habeas Corpus, which was denied. In doing so, he also attacked the competency of the attorney he had originally retained. The trial court, after due examination and consideration thereof, also taking into account the previous Findings and Order in the case (made on December 6, 1963), held that there was no showing of any facts that entitled the defendant to relief under Rule 35(b), supra. As to defendant’s counsel, the court held that he had been retained by the defendant in the trial of the case before the jury and “is an experienced, capable, qualified and respected member of the Bar of this court.” The court thereupon denied the defendant’s motion.
The case as now presented involves consideration of two questions, namely: (1) Whether Rule 35(b), supra, entitles the defendant to any relief; and (2) whether the rights of the defendant were prejudiced by allegedly incompetent counsel. With reference to question (1) above, it is sufficient to say that there are four principal categories for relief under Rule 35(b), to-wit: (1) Sentence was imposed in violation of the Constitution or laws of Colorado or of the United States; (2) the court imposing sentence was without jurisdiction; (3) the sentence was in excess of the maximum sentence authorized by law; or (4) the statute for violation of which the sentence was imposed is unconstitutional or was repealed before the prisoner contravened its provisions.
 It is our considered view that there is not the slightest showing by the defendant that the grievances of which he complains come within any of the afore *501 mentioned areas of Rule 35(b), supra. Sutton v. People, 156 Colo. 201, 397 P.2d 746. Furthermore, there is nothing whatever in the record before us to justify the derogatory assertions made by the defendant concerning the conduct of the attorney whom defendant himself selected to represent him. The trial court found that the attorney was “an experienced, capable, qualified and respected member of the Bar of this court.” In the absence of anything in the record to the contrary, “* * * we must presume that such counsel acted in the best interests of the defendant.” Keller v. People, 153 Colo. 590, 387 P.2d 421.
The judgment is affirmed.
Mr. Chief Justice Pringle and Mr. Justice Day not participating.