Francis Eddie SPECHT, Appellant,

v.

Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Dr. Charles E. Meredith, Supt., Colorado State Hospital, Appellees.

No. 8433.

United States Court of Appeals
Tenth Circuit.

Feb. 21, 1966.

Rehearing Denied March 23, 1966.

———◆———

Michael A. Williams, Denver, Colo. (Gary L. Greer, Denver, Colo., with him on brief), for appellant.

John E. Bush, Denver, Colo. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Denver, Colo., with him on brief), for appellees.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

MURRAH, Chief Judge.

In this habeas corpus proceedings originating in the Colorado Court the petitioner challenges the constitutionality of his state imposed indeterminate sentence as a sex offender in accordance with Colorado Revised Statutes, 1963, § 39–19–1 et seq. The trial court sustained the constitutionality on the basis of prior adjudications of the Colorado Supreme Court and this court in Trueblood v. Tinsley, 316 F.2d 783.

The state readily concedes that petitioner's state remedies have been exhausted and the asserted due process and equal protection issues are open for consideration here if a decision in petitioner's favor would result in his immediate release. See McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; McGann v. Taylor, 10 Cir., 289 F.2d 820. It is suggested, however, that even if

his sentence imposed under the Colorado Sex Offender Act be adjudged invalid, he is yet subject to sentence by the Colorado court on his conviction of indecent liberties under § 40–2–32 for a term not to exceed ten years; that he has not served this term and would not therefore be entitled to his immediate release upon a favorable decision.

■ The conclusive answer is that his sentence was imposed in lieu of the authorized sentence of not more than ten years. While failure of the sentence he is now serving might subject him to resentence under 40–2–32, no such sentence has been imposed and a favorable decision on the asserted issue would result in his immediate release on the only sentence he is now serving.

The Colorado Sex Offender Act, 39–19–2, provides in substance that no person convicted of a crime punishable in the discretion of the court under the Act shall be sentenced until a psychiatric examination has been made and a report submitted to the court of all the facts and findings together with recommendations as to whether the convicted person is treatable under the provisions of the Act and whether he should be committed or could be adequately supervised on probation. The statute does not provide or contemplate any hearing on the exercise of the discretion of the court to impose sentence under the Act in lieu of sentence authorized under 40–2–32.

On the constitutional issue the contention is to the effect that one convicted of a 40–2–32 offense is entitled to a due process hearing on the exercise of the discretion committed to the sentencing court. The constitutionality of the Act as applied to this petitioner has been twice sustained in the Colorado Supreme Court, see Specht v. People, 396 P.2d 838; Specht v. Tinsley, 153 Colo. 235, 385 P.2d 423. As applied to others similarly situated, it has been sustained in Trueblood v. Tinsley, 148 Colo. 503, 366 P.2d 655; Vanderhoof v. People, 152 Colo. 147, 380 P.2d 903; Sutton v. People, 397 P.2d 746. The same contention was also before this court and decided against the petitioner in Trueblood v. Tinsley, 10 Cir., 316 F.2d 783. Similar statutes applied under similar circumstances have also been sustained by other state courts, i. e. by the Oregon Supreme Court in State v. Dixon, 238 Or. 121, 393 P.2d 204; by the Wisconsin Supreme Court in State ex rel. Volden v. Haas, 264 Wis. 127, 58 N.W.2d 577. The classification of this type of offender for specialized treatment has been authoritatively sustained in State of Minnesota ex rel. Pearson v. Probate Court, 309 U.S. 270, 60 S.Ct. 523, 84 L.Ed. 744. Our case is quite different from People v. Frontczak, 286 Mich. 51, 281 N.W. 534, where the condemned statute authorized confinement in addition or supplementary to the sentence imposed for the overt act offense.

■ We uphold the constitutionality of the Act and agree with the reasoning of the Wisconsin court in State v. Haas, supra, that petitioner was "afforded all the rights of due process at the time of trial. He [was] afforded the right to be heard by himself and counsel, to be advised of the nature of the charge against him, to meet the witnesses face to face and compel the attendance of witnesses in his own behalf, and to a speedy trial by an impartial jury. But upon conviction, he is subject to whatever loss of liberty the legislature has prescribed for his crime * * *."

■ "There are sound practical reasons", says Mr. Justice Black, "for different evidentiary rules governing trial and sentencing procedures * * *." Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337. In determining whether a convicted person shall receive an indeterminate sentence based upon a recognized classification or a ten year maximum sentence, the sentencing court is free to utilize investigational techniques unhampered by due process requirements. "The due-process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure. So to treat the due-process clause would hinder if not

preclude all courts—state and federal—from making progressive efforts to improve the administration of criminal justice." Williams v. People of State of New York, supra; see also Leland v. State of Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302.

As a distinguished psychiatrist has recently said, "Proper management of a mentally disordered offender must take account of his particular problems and needs as well as those of society." [1] It is at the point of sentencing in the judicial process that psychiatry plays its most helpful role as an aid to the court, and it is at this point that the battle of the experts is the least desirable. See Wion v. United States, 10 Cir., 337 F.2d 230.

The judgment is affirmed.

---

1. See Dale C. Cameron, M.D., Superintendent, St. Elizabeths Hospital, Wash., D. C., "Did He Do It? If So, How Shall He Be Managed?", Federal Probation, June, 1965, Administrative Office of the United States Courts.