Mr. Justice Day
delivered the opinion of the Court.
This writ of error is directed to the order of the district court denying a motion filed pursuant to Rule 35 (b), Colo. R. Crim. P. by plaintiff in error, hereinafter called the defendant. In his motion defendant attacks the validity of a sentence of one year to life imposed by the court under C.R.S. ’53, 39-19-1, et seq. (prior to a 1963 amendment) commonly known as the “Sex Offenders Act.” He would have us order the trial court to vacate and set aside the sentence and to sentence him according to the penalty provided by statute for the crime to which he entered a plea of guilty. For reasons which we will hereinafter enumerate, we hold that the trial court was correct and that the sentence was valid.
Defendant was originally charged by information with statutory rape and conspiracy to commit statutory rape. Later the information was amended by addition of other counts of forcible rape and conspiracy to commit forcible rape. Defendant first entered pleas of not guilty to all of these counts. Subsequently, by leave of court, he changed his plea to guilty with reference to the of *175 fense of statutory rape. He then made application for probation.
At the hearing on the probation application, it was. determined, on the recommendation of the Probation Department, that probation should not be granted. Thereafter, in colloquy between the court and counsel,, it became apparent that the court was disposed to sentence the defendant to the penitentiary. Whereupon counsel requested that the “defendant be sent to the hospital for a period of observation before the Court pronounces final sentence.” The court responded, “All. right. Before sentence is passed, then, we will remand him to the Sheriff and we will order him committed to the Colorado Psychopathic Hospital for examination,, for observation, examination, and report, before sentence is passed.”
In due time, after the conclusion of the examination-requested by the court, a psychiatrist made a report: which, inter alia, made findings as to the nature of the defendant’s psychological condition and expressed the view that he suffered from “severe character disorder, with strong tendencies toward impulsive, sadistic acting; out.” The psychiatrist then concluded:
“It is extremely unlikely that Mr. Ray could benefit from psychotherapy unless it was conducted over a prolonged period of time in an institutional setting where-he would have no opportunity for acting out. We consider him an extreme potential danger to society. Incur opinion, either long-term imprisonment or institutionalization at the State Hospital would seem to be indicated. Psychotherapy should ideally be made available-to him during such time.”
With this report in hand, the court conducted another hearing, at which another count was added to the information charging the defendant with “assault to commit rape.” The defendant then was permitted to withdraw his plea of guilty to the count charging him with statutory rape and to enter a plea of guilty to the new count. *176 This was agreed to between defendant’s counsel, the district attorney, the Probation Department, and the court for the purpose of enabling the defendant to be sentenced under the Sex Offenders Act. The “assault to commit rape” charged was one of the offenses under which the court could utilize the provisions of the act. The charge to which he had previously entered a plea of guilty was not one so enumerated in the statute until the Colo. Sess. Laws 1963, ch. 96, at page 282, added such offense to the others enumerated therein.
After being carefully advised as to the consequences of the plea of guilty to the added count; upon being advised that he could be and probably would be sentenced for from one year to life as provided in the Sex Offenders Act; and with the further detailed explanation by the court as to the psychiatric treatment that was indicated in his case, the defendant persisted in his plea of guilty. He then was ordered remanded to the hospital for further examination.
Five days later the defendant was brought before the ■court to be sentenced. At this proceeding there was a letter over the signature of a “Psychiatric Resident” who had participated in the first examination with the supervision of the authorized psychiatrist at the hospital. This letter merely reiterated what was previously indicated in the first report, but admittedly was not signed by the defendant’s psychiatrist who submitted the prior report. Fully apprised of this, counsel stated:
“I believe this matter was continued until this time, Your Honor, with the purpose of trying to assist this defendant in being sentenced under a method by which he could get some treatment, and I believe that that letter indicates that this defendant is the type of individual that comes under the purview of that Sex Offense Act, and at this time, on behalf of the defendant, we have no objection to sentence being imposed as prescribed by that statute.”
It is defendant’s contention that because the court had *177 in its possession and took into consideration the report issued by a “Psychiatric Resident” at the hospital and because such a person was not a licensed physician in Colorado and not a psychiatrist as contemplated by the-statute, sentence was void and should be set aside. With this contention we do not agree.
A reading of the statute in question indicates that the requisite information which the court is required to have was before it; it was contained in the letter signed by the psychiatrist upon the occasion of the first and more extensive examination of the defendant. The requirements of the statute: (a) that there should be a complete psychiatric examination; (b) that there should be a complete written report containing all facts and findings, together with recommendations as to whether the person was treatable under the provisions of the article; (c) and that the report contain a psychiatrist’s opinion as to whether the person could be adequately supervised on probation, these were all met. Nowhere in the statute is it stated that this particular examination and report must be held at any particular time. We believe that so long as the examination has been held with the purposes and conditions of the Sex Offenders Act as the objective, and the appropriate recommendations of the. psychiatrist are in the hands of the court before sentence, the court is in a position to impose the penalty. It is immaterial that the examination was held prior to the arraignment on the added count.
The first examination was made with the view of determining whether the Sex Offenders Act would benefit this defendant. The fact that the charge to which he entered a plea of guilty was not one designated in the statute and that it was necessary to add a fifth count in order to bring him within the statute became apparent after the examination. All of this was at the request of competent counsel and for the benefit of the defendant. The information and recommendations in the *178 first report were all the court needed and the second examination and letter were surplusage.
In Trueblood v. Tinsley, 148 Colo. 503, 366 P.2d 655, we pointed out that the court is the one imposing sentence and not the psychiatrist. After being apprised of the information it is the court which finally makes the determination whether the person, if at large, would constitute a threat of bodily harm to a member of the public. We stated in Trueblood, supra, that “The trial court should consider all material matter before it which will aid in the formation of a proper ‘opinion.’ ” This, we hold, the trial court did. The information supplied to the court from the psychiatrist’s first report and from the probation report and from other sources, including defendant’s own counsel, supported its disposition of the case. We find no error.
The judgment is affirmed.
Mr. Chief Justice Sutton and Mr. Justice Moore not participating.