No. 21934.

THOMAS MARVIN LAUDERDALE *v.* THE PEOPLE OF THE
STATE OF COLORADO
(424 P.2d 373)

Decided February 27, 1967.

ALLOTT and ROGERS, SCHMIDT, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT C. MILLER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THE plaintiff in error, Thomas Marvin Lauderdale, hereinafter referred to as defendant, was convicted of murder in the first degree by the District Court of Cheyenne County. On December 21, 1955, he was sentenced to imprisonment for life upon the verdict of the jury. No writ of error was sought at that time. We point out that the defendant escaped from the penitentiary on the day that this matter was orally argued

before us, but we understand that he has now been returned to confinement.

On June 28, 1963, defendant filed his motion to vacate sentence under Colo. R. Crim. P. 35(b) upon the grounds that his constitutional rights had been violated, because of prolonged interrogation by the Sheriff and the District Attorney and the use at his trial of three written statements arising out of such interrogation.

Counsel was appointed to represent Lauderdale and he filed another motion to vacate the sentence under Rule 35(b), which, in addition to the alleged violation of constitutional rights arising out of the interrogation and the statements taken, also raised the issue of the absence of counsel at the interrogation and spelled out in somewhat greater detail the defendant's claim of coercion in giving the statements in question.

The trial court gave the defendant a very full evidentiary hearing. A forty-six page opinion, containing a detailed statement of the evidence adduced at the hearing, findings of fact, conclusions of law and order was then filed by the trial judge. The trial court found that at the time of the taking of the three written statements, complained of here: (1) the defendant was not under the influence of narcotic drugs or alcohol, (2) the defendant was not held incommunicado from the time of his arrest to the time of his arraignment or at any time during such period, (3) the defendant was not continuously questioned for a period of forty-five hours or more, (4) the defendant was not subjected to physical beatings and abuse nor such psychological pressures and coercion to the degree that his will was overborne, (5) the defendant made the statements voluntarily, (6) the defendant made no request for an attorney during the period of his interrogation, (7) the statements were admitted as admissions without submitting the question of voluntariness to the jury for its determination of the issue, (8) the defendant was represented at his trial by competent counsel, (9) the de-

fendant was advised of his right to appeal after the verdict was rendered, and understood his right to appeal and no appeal was made by him nor by any person for him within the time provided by law, and that defendant was furnished a free transcript of the trial proceedings in the summer of 1958, (10) the defendant was not represented by an attorney during the time that he was being questioned by the authorities, and (11) from the time of the defendant's arrest and while he was being questioned, at no time was he ever advised of his right to an attorney nor of his right to remain silent. nor of the fact that any statement given by him might be used against him at his subsequent trial. There is ample evidence to support each of these findings of fact.

As a result of the findings of fact and conclusions of law, the trial court ordered that defendant's motion be granted to the extent that he should, at the election of the State, be given (1) a new trial, or (2) a hearing in the trial court on the question of the voluntariness of the statements admitted into evidence at his trial, and required the State to e'ect in writing within thirty days the course it would follow. The State elected neither to grant a new trial to the defendant nor to grant him a new trial on the question of voluntariness of his statements. Both parties have assigned error in this Court to the judgment of the trial court. The People contend that the findings of fact made by the trial judge requ'red overruling of the 35 (b) motion in all respects.

Defendant contends that the trial court erred with respect to its findings of fact hereinabove numbered 1 through 9, and in its conclusions of law, and should have either set defendant free or ordered a new trial.

In condensed form, defendant's contentions present five basic issues: (1) that his statements were not voluntary; (2) that the question of voluntariness was not submitted to the jury under proper instructions; (3) that he was not advised of his right to counsel during interrogation, nor furnished with counsel at such time;

(4) that his counsel was incompetent; and (5) that he was not advised of his right to appeal following conviction.

## I.

The principal complaint of the defendant is directed toward the alleged failure of the original trial court to follow the established procedure of this jurisdiction to resolve the voluntariness of his alleged confessions. The defendant never objected to admission of the statements — now claimed to have been confessions — on the ground that the same were not voluntary. His objection was two-pronged: one objection being to various self-serving statements of the officers made during the several interrogations, and the other being a general objection, the exact basis of which is not clearly ascertainable from the record.

It is true that three of the statements given by defendant to the officers were treated as admissions in the original trial and not as confessions, and the question of a direct objection to the voluntariness of the statements, whether they be admissions or confessions, was never directly put in issue.

During the *in camera* hearing dealing with the admissibility of those statements, defendant's counsel renewed his objection to the statements, and based his objection solely upon the proposition that the statements contained self-serving statements of the interrogating officers and that if the statements were to be admitted, the objectionable statements should be deleted.

Be that as it may, the original trial judge carefully held the statements to be *voluntary* and admissible and overruled the objection, offering the defendant the opportunity to submit to the jury evidence of his mental condition at the time the statements were taken so that the jury could then determine for themselves what probative value, if any, should be given to the statements. The court then ruled that the statements would be read to the jury after the objectionable statements

were deleted. This was done, and the statements, with the numerous deletions, were read to the jury. The jury never saw or read the statements themselves. The defendant did not elect to offer any testimony to the jury on the question of voluntariness of the admissions or confessions.

 At the 35(b) hearing, the defendant, as well as other witnesses, testified as to the circumstances under which the statements were made. At the conclusion of this hearing, the trial judge also found that the statements were voluntarily made. The findings of both judges were, as we have said, amply supported by the evidence.

## II.

 The defendant contends that he was denied a hearing at the original hearing on the question of voluntariness, as is required by *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908. Colorado has long followed the so-called "orthodox" rule, wherein the judge hears all of the evidence and then rules on the voluntariness of a confession for the purpose of admissibility of the same, and the jury then considers the evidence of voluntariness only as affecting the weight or credibility of the confession or admission. See, *Read v. People*, 122 Colo. 308, 221 P.2d 1070; *Downey v. People*, 121 Colo. 307, 215 P.2d 892; *Osborn v. People*, 83 Colo. 4, 262 Pac. 892; *Fincher v. People*, 26 Colo. 169, 56 Pac. 902. Following the hearing before the original trial judge in chambers, at which the defendant was successful in obtaining a ruling that the objectionable matter contained in the statements would be deleted before the same was read to the jury, defendant elected not to offer any evidence of any kind to the jury dealing with the voluntariness of the statements as it affected their weight or credibility. The constitutional test laid down by *Jackson v. Denno, supra,* does not require that the issue of voluntariness be submitted to the jury as well as to the judge. The trial

judge, in the 35(b) procedure, made a finding that the statements were voluntarily made and we see no reason for another hearing to again determine this question. The trial court's order granting another hearing on this matter or a new trial is therefore erroneous.

## III.

Defendant was never, so far as the record discloses, advised of his right to remain silent, that any statement he might make could be used as evidence against him, and that he had a right to the presence of an attorney at his interrogations by the officers here investigating the death of John Boldt. Standing alone, those facts do not require reversal unless *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, applies. There is also some suggestion by Lauderdale that the rule in *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977, applies to this case and dictates reversal.

The rules laid down by *Escobedo v. Illinois, supra,* and *Miranda v. Arizona, supra,* however do not operate retroactively in this state. *Jordan v. People,* 161 Colo. 54, 419 P.2d 656; *Johnson v. New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L. Ed.2d 882.

## IV.

The defendant also contends that his counsel at the trial was incompetent. The record discloses that the defendant employed his own counsel without any action by the trial court and was apparently satisfied with his representation until he was convicted and had been confined for several years. The trial judge at the hearing on the motion for post-conviction relief found that the defendant's counsel, who was a former district attorney and enjoyed a considerable criminal practice, was most competent. In *Scotland v. People,* 156 Colo. 497, 400 P.2d 197, we said:

"Furthermore there is nothing whatever in the record before us to justify the derogatory assertions made by the defendant concerning the conduct of the attorney whom defendant himself selected to represent him. The

trial court found that the attorney was 'an experienced, capable, qualified and respected member of the Bar of this court.' In the absence of anything in the record to the contrary, '* * * we must presume that such counsel acted in the best interests of the defendant'. *Keller v. People*, [153 Colo. 590,] 387 P.2d 421."
This statement applies with equal force here.

██ Defendant finally contends that he was not advised of his right to appeal following conviction. The record discloses facts to the contrary.

The judgment of the trial court is reversed and the cause remanded to the trial court with directions to enter judgment denying defendant's motions to vacate sentence filed under Rule 35 (b).