**UNITED STATES of America ex rel. David WINTZ**

v.

**Alfred T. RUNDLE, Superintendent.**

**Misc. No. 3696.**

United States District Court
E. D. Pennsylvania.

Jan. 18, 1968.

David Wintz in pro. per.

## OPINION AND ORDER

BODY, District Judge.

Relator David Wintz pleaded guilty to the crimes of bastardy, sodomy, and incestuous adultery and was convicted by the state trial court on February 18, 1963. The trial court, after concluding that Wintz would constitute a threat of bodily harm to the public if he were at large, determined that Wintz should be sentenced under 19 P.S. § 1166, commonly known as the Barr-Walker Act. Sentence on the bastardy bill was suspended. On the incestuous adultery and sodomy bills, the court imposed concurrent indeterminate sentences of one day to life, as provided by the Barr-Walker Act.

Wintz did not appeal the trial court's decision; he explains that neither his court-appointed counsel nor the court had ever advised him of his right to appeal. He did, however, seek collateral relief under the Pennsylvania Post-Conviction Hearing Act, and he was again represented by appointed counsel. The relator claimed that his sentence under the Barr-Walker Act was illegal because he had never been granted a hearing on whether he would constitute a threat of bodily harm to the public if he were at large; and because he had not been afforded an opportunity to confront and cross-examine the witnesses against him.

The state court, recognizing the authority of United States ex rel. Gerchman

v. Maroney, 355 F.2d 302 (3d Cir. 1966), held that the Barr-Walker sentencing without a hearing was illegal.[1] The District Attorney was afforded an opportunity to proceed de novo against Wintz under the Barr-Walker Act, as authorized in *Gerchman,* supra, at 315. The District Attorney advised the court that he had nothing to produce and requested that the defendant be resentenced. The court observed that "in the absence of \* \* \* the production of such evidence in open court, the only other recourse under *Gerchman* was to vacate the Barr-Walker sentence and impose new sentences within the limits of the Penal Code of 1939 as amended."[2] The court than vacated the original sentences, and sentenced Wintz to not less than four (4) years nor more than ten (10) years on the sodomy bill, to be computed from November 17, 1962; on the incestuous adultery bill, Wintz was sentenced to serve not less than one (1) year nor more than five (5) years, to commence to run at the expiration of the sodomy sentence.

Relator Wintz's appeal to the Superior Court of Pennsylvania was denied per curiam, Commonwealth of Pennsylvania v. Wintz, 209 Pa.Super. 773, 230 A.2d 927, as was his petition for allocatur to the Supreme Court of Pennsylvania.

Wintz's right to habeas corpus relief rests on three contentions: (1) that his plea of guilty at his original trial was not voluntarily nor intelligently made; (2) that the state court at the post-conviction hearing did not have jurisdiction to vacate a prior valid sentence and then resentence the relator; and (3) that the same state court did not have jurisdiction to impose consecutive sentences on the sodomy and incestuous adultery bills when the original sentences were concurrent.

### 1. *Voluntariness of Guilty Plea*

The relator contends that his guilty plea was neither voluntarily nor intelli-

gently made, and that the record of his trial reveals that the court never asked the questions necessary to determine whether the plea was voluntarily and intelligently entered. It should be noted that the relator was represented by counsel at every crucial stage of the criminal proceedings against him. We do not believe that this issue is properly before us at this time.

In the relator's petition under the state Post-Conviction Hearing Act, he indicated his claims for relief by checking two of the thirteen boxes provided on the petition form: one checked box indicated that Wintz believed his privilege against self-incrimination had been infringed; the other checked box indicated generally that he believed one of his constitutional rights had been abridged. He did not check the box for "a plea of guilty unlawfully induced". Later in the petition, he wrote that his commitment was "invalid, the judgment of conviction and sentence null and void in that, inter alia, petitioner's rights were violated as guaranteed by the Fifth, Sixth and the Fourteenth Amendments." He finally added that he had never intentionally relinquished any known right or privilege.

After reading the relator's post-conviction petition, the state court could not have known that Wintz specifically intended to argue the involuntariness of his guilty plea. That claim simply is not articulated in the petition. Nor is there any evidence that the court subsequently became aware of the voluntariness issue; indeed, the court wrote in its opinion that "the only contention raised was that his sentence under the Barr-Walker Act was illegal \* \* \*." On appeal to the Superior Court of Pennsylvania, the relator's counsel did brief the voluntariness issue. However, the Superior Court's decision was a per curiam affirmal, and thus does not reveal whether the appellate court considered the issue properly before them for decision.

1. Commonwealth of Pennsylvania v. Wintz, Nos. 107 and 235, Criminal Courts of Montgomery County, Pennsylvania (No-vember Term 1962; on November 29, 1966) (Honeyman, J.).

2. Id. at page 2.

Under the circumstances, we find that the state courts have never had reasonable opportunity to conduct an evidentiary hearing on the issue of voluntariness. Thus we consider ourselves bound to abstain from decision on the issue until the state courts have been afforded such opportunity. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Further, we must abstain from deciding the voluntariness issue until Wintz has exhausted the state post-conviction remedy available to determine this specific claim. See United States ex rel. Singer v. Myers, 384 F.2d 279 (3d Cir. 1967).

## 2. *Legality of the Resentencing*

The relator raises several questions with respect to his resentencing in the state court at his post-conviction hearing. He alleges first that the state court lacked jurisdiction to vacate his Barr-Walker sentence and to impose another sentence. The alleged lack of jurisdiction is premised on the contentions that (a) the Barr-Walker sentence was valid and (b) the court did not exercise its power to change or modify the sentence within the term when the sentence was originally imposed.

It was, of course, the relator himself who sought the jurisdiction of the state courts to declare his Barr-Walker sentence illegal. We believe that the state court properly found the sentence unconstitutional under the authority of *Gerchman,* supra. We believe further that the relator, who originally pressed the issue and who agreed that the sentence was illegal, cannot now argue the validity of the sentence to this Court.

When the sentence was found to be illegal and when the District Attorney did not offer any testimony to support a reimposition of the Barr-Walker Act, the state court had no choice but to vacate the sentence originally imposed. The court then determined to impose new sentences within the limits of the Pennsylvania Penal Code. That the court had jurisdiction under state law to impose such new sentences is absolutely clear; 19 P.S. § 892 reads in relevant part:

> "Whenever any person, duly convicted of crime in the Commonwealth, has been or shall be sentenced under the provisions of a law declared unconstitutional, the court declaring said law unconstitutional * * * shall remand said convict to the court before which said convict was tried, for sentence under the provisions of the law in force at the time of the commission of the crime * * *."

The statute implies resentencing authority under the circumstances of this case. The relator's contention that a sentence can be changed or modified only within the term of its original imposition refers to a judge-made limitation which simply is not relevant when the original sentence has been declared unconstitutional. We conclude that the state court did have jurisdiction under state law both to vacate the original sentence and to impose new sentences. We find nothing to support any contention that the state jurisdictional law could be unconstitutional in scope or exercise in this case.

The more troublesome issue raised by the relator's petition is whether the resentencing created an unconstitutional increase in the imprisonment originally imposed. The Barr-Walker sentences provided that Wintz should be imprisoned for an indeterminate period from one day to life; the sentences on the two counts were to run concurrently. Thus, theoretically, Wintz could have been released in one day. On resentencing, the relator received four to ten years on the sodomy bill, and one to five years on the incestuous adultery bill; the sentences were imposed consecutively.[3] Again theoretically, the relator could not

---

3. It should be noted that the resentencing court did allow Wintz credit for time already served on his first sentence, and that the relator makes no claim with respect to this aspect of the second sentences.

be released for a minimum of five years. Thus the resentencing technically increased Wintz's minimum punishment by the difference between five years and one day.

Whether Wintz's second sentencing was actually harsher than his Barr-Walker sentencing is subject to practical doubt. Under the Barr-Walker sentence, Wintz might have remained incarcerated for the rest of his life. It is obviously unlikely that he would have been released in one day; indeed, Wintz had already served over three years under the Barr-Walker sentence when he contested its constitutionality under the Post-Conviction Hearing Act. The Third Circuit has described the Barr-Walker sentence as "the imposition of a greater punishment than that provided for conviction" of the offense described in the indictment. United States ex rel. Gerchman v. Maroney, supra, 355 F.2d at 311, and as "much enlarged punishment for an essentially independent criminal offense." Ibid. Realistically, we believe Wintz received a less onerous sentence at his post-conviction hearing.

█ However, even if we should assume that the second sentencing was conceptually the harsher of the two, we would nevertheless conclude that the relator is not entitled to relief under the circumstances of this case. It is fundamental to the relator's theory of relief that the two different sentences were imposed for the same offense. Here, the Barr-Walker sentence was imposed not merely because Wintz had been found guilty of a sex offense, but because the trial court had *additionally* found him "a threat of bodily harm to members of the public." The additional finding of fact was the true basis for imposition of the Barr-Walker sentence. After correctly concluding that the additional finding could not be constitutionally made, the post-conviction court then imposed new sentences on the adultery and sodomy counts alone. The second set of sentences were the first and only set of sentences ever imposed solely on the adultery and sodomy offenses; thus the two different sets of sentences were not really imposed for the same offenses. This conclusion is supported by the Third Circuit's aforementioned description in *Gerchman,* supra, of the Barr-Walker sentence as "much enlarged punishment for an essentially independent criminal offense." 355 F.2d at 311. The post-conviction court decided that Wintz could not be sentenced under the Barr-Walker Act because it could not be proven that he was guilty of that "independent criminal offense"; and the state court then had no alternative but to resentence Wintz for those offenses of which he had been proven guilty, and to proceed as if the relator had never been sentenced under the Barr-Walker Act at all.

█ Finally, even if we should accept the relator's contentions that he was sentenced twice for the same offense, and that the second sentences were harsher than the first, we would nevertheless conclude that he was not entitled to any relief. We believe it is quite clear that the demands of Fourteenth Amendment due process do not forbid the imposition of a second sentence harsher than the one earlier vacated when an adequate reason for the harsher sentence is apparent in the record. See, e. g., Patton v. State of North Carolina, .256 F.Supp. 225, 236 (W.D. N.C.1966). Indeed, in this Circuit, it would appear that it is not even necessary for an adequate reason to be evident. United States ex rel. Starner v. Russell, 378 F.2d 808 (3d Cir. 1967) (Ganey, J.). Here, the reason for the imposition of the allegedly harsher sentence is both adequate and apparent. The Barr-Walker concurrent sentences of one day to life were necessarily vacated; the guilt of the relator was not questioned or doubtful, and thus a new sentence had to be imposed; and as a practical matter, it was virtually impossible for the post-conviction court to impose a new sentence the minimum of which would be *less* harsh than the concurrent one-day minimum under the

Barr-Walker Act. Thus the court properly turned to the appropriate Pennsylvania statutes and imposed sentence as if for the first time. The consecutive sentences were well within the statutory limits. See 18 P.S. §§ 4501 and 4507. There is absolutely nothing in the record to suggest that the second sentencing was arbitrary. When the relator chose to challenge the constitutionality of his first sentence without challenging his conviction of guilty on the offenses charged, he must have realized that he would be resentenced. Furthermore, he should have realized that the new *minimum* sentence would be greater than the theoretical one-day minimum of the Barr-Walker sentence. We find no evidence that he has been unfairly or unreasonably treated. The facts of the case deny the merit of his theory of relief.