375 A.2d 120

**COMMONWEALTH of Pennsylvania**

v.

**Paul A. FRANKENHAUSER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided June 29, 1977.

Arthur R. Sagaskin, Assistant Public Defender, Doylestown, for appellant.

Stephen B. Harris, First Assistant District Attorney, Doylestown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an order of the lower court of Bucks County, dated May 6, 1976, denying appellant's petition for relief under the Post Conviction Hearing Act.

Appellant, Paul A. Frankenhauser, was arrested on May 29, 1952, on charges of rape and other related offenses. He was on that date committed to the Bucks County Prison where he remained until sentencing. Upon guilty pleas entered on the above charges appellant was sentenced on January 2, 1953, pursuant to the provisions of the Barr-Walker Act,[1] to confinement in a state institution for an indefinite period ranging from one day to the rest of his natural life.

Appellant was sent to Farview State Hospital where he remained until October 8, 1957, when he was released on parole (approximately 5 years, 4 months from the date of his original commitment on May 29, 1952). He remained on parole until August 21, 1967 when he was arrested on new rape charges occurring in the State of New Jersey. (At this point appellant had served 15 years, 3 months, including incarceration and parole.) Appellant was convicted on the New Jersey charges and sentenced on July 31, 1969 to a term of not less than five nor more than ten years imprisonment. When appellant began serving the New Jersey sentence, a parole violation detainer was lodged against him by the Pennsylvania Board of Parole. Pursuant to the decision of this Court in *Commonwealth v. Dooley*, 209 Pa.Super. 519, 232 A.2d 45 (1967), declaring the sentencing procedure employed under the Barr-Walker Act unconstitutional, appellant filed a petition requesting to be resentenced on the original 1952 indictments. On July 16, 1970, appellant was temporarily returned to Pennsylvania for resentencing, receiving a term of imprisonment of five to fifteen years, credit to be given only for the period of appellant's previous incarceration in Pennsylvania, (5 years, 4 months incarceration, excluding the 9 years, 11 months of parole time), and sentence to be consecutive to the New Jersey sentence.

Upon parole from the New Jersey sentence, appellant was returned to Pennsylvania pursuant to the detainer lodged by the State Parole Board and is presently serving the five to

1. Act of January 8, 1952, P.L. (1951) 1851, 19 P.S. §§ 1166–1174 (1964).

fifteen year resentence imposed pursuant to the July 16, 1970 order. Appellant then filed a petition for relief under the PCHA attacking the validity of the lower court's resentence of five to fifteen years. Upon denial of his petition, this appeal followed.

The controlling issue raised by appellant is whether he is entitled to be discharged from further service of the five to fifteen years prison term imposed by the lower court, where his original sentence (one day to life) under the Barr-Walker Act was illegal, and where the maximum *legal* sentence of fifteen years had expired prior to his arrest in New Jersey on other charges. Thus, the appellant contends that the New Jersey offense is not a parole violation of the Pennsylvania sentence. We agree with appellant and hold that the lower court erred in failing to credit appellant's Pennsylvania parole time in the resentencing of appellant on these charges, since both the time spent in prison and on parole totaled more than the maximum legal sentence imposed and which sentence had expired before the New Jersey offense was committed.

We agree with the lower court's general statement of the law that "when a parole violator is recommitted to the institution from which he had been paroled, he is required to serve the time remaining on his original sentence, with no credit to be given him for the period spent on parole before the subsequent criminal violation occurred. *Commonwealth v. Zuber*, 466 Pa. 453 [353 A.2d 441] (1976); *Commonwealth v. Draper*, 222 Pa.Superior Ct. 26 [293 A.2d 614] (1972)." However, the application of this principle in the instant case was improper as it was based upon the incorrect initial premise that appellant was a "parole violator" at the time he committed the subsequent New Jersey violation. The lower court, at several instances in its opinion, concludes that appellant's New Jersey violation occurred "while he was on parole from his incarceration here [Pennsylvania]." This statement, however, is misleading and incorrect for it was made in context of appellant's original indefinite sentence under the Barr-Walker Act, which Act, as to its sentencing

procedures, was declared illegal in *Commonwealth v. Dooley,* supra.

■ Moreover, when the court resentenced appellant to a term of from five to fifteen years,[2] this superseded appellant's illegal Barr-Walker sentence and became the correct legal sentence for the offense committed. 19 P.S. § 892,[3] see, *United States ex rel. Wintz v. Rundle,* 281 F.Supp. 85 (E.D.Pa.1968). Thus, appellant's new sentence relates back to May 29, 1952, in that it must be computed from the date of his original incarceration. See Pa.R.Crim.P. 1406(b), and its predecessor, 19 P.S. § 894;[4] See also *Commonwealth v. Meise,* 225 Pa.Super. 524, 312 A.2d 48 (1973). As such, the New Jersey offense occurring on August 21, 1967 did not, as the court and Commonwealth contend, have the effect of forfeiting appellant's prior parole time since appellant's legal sentence of fifteen years (maximum) had already been completed by several months prior to the date of the New Jersey offense. It is clear that while a person is on parole he is in fact still serving out his sentence. *Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 28 A.2d 897 (1945); *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Anderson v. Corall,* 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923). It is only where an offense or violation is committed *while on parole* that time accrued on parole will be forfeited. *Commonwealth v. Zuber,* supra.[5]

This court indicated in *Commonwealth v. Hoffman,* 210 Pa.Super. 48, 232 A.2d 19 (1967) that after an illegal sen-

**2.** Parenthetically, we note that in 1952, conviction for rape subjected one to a *maximum* penal incarceration of *fifteen years.* Act of June 24, 1939, P.L. 872, § 721. See, *Commonwealth v. Klinger,* 215 Pa.Super. 505, 509, 258 A.2d 668 (1969). Although the court in the instant case imposed the statutory maximum, it is the legal maximum sentence imposed by the court, and not the statutory maximum, that is controlling.

**3.** Act of February 28, 1913, P.L. 2, § 1, 19 P.S. § 892 (1976).

**4.** Act of May 28, 1937, P.L. 1036, § 1, 19 P.S. § 894 (1964).

**5.** See Act of June 19, 1911; P.L. 1055, as amended, 61 P.S. § 305 (1964).

tence imposed under the Barr-Walker Act has been vacated, and the newly imposed maximum legal sentence has been completed, a defendant is entitled to immediate discharge from custody. Likewise, the sentencing court was without power to find this appellant in violation of parole [6] under the terms of the Barr-Walker Act when, in fact, the sentence imposed under that act was illegal, and the parole period under the newly imposed legal maximum was completed prior to the commission of the New Jersey offense.

Accordingly, the sentencing order of the court below is reversed consistent with the above opinion and appellant discharged forthwith.

6. The sentencing court had the authority to resentence appellant to a legal sentence under the original 1952 indictment, but "[it] exceeded its power in attempting to decide whether appellant must be recommitted as a parole violator . . . . The Act of August 6, 1941, P.L. 861, § 17, as most recently amended December 27, 1965, P.L. 1230; § 8, 61 P.S. § 331.17, provides that the Parole Board 'shall have *exclusive power* to . . . *commit and recommit* for violations of parole.'" *Commonwealth v. Bigley,* 231 Pa.Super. 492, 331 A.2d 802 (1974).