## Commonwealth v. Strier

*Gailey C. Keller, District Attorney*, for Commonwealth.

*Franklin E. Kepner, Jr.*, for defendant.

MYERS, *P.J.*, July 16, 1979—Defendant was arrested and charged with a violation of 75 Pa.C.S.A. §4941, exceeding maximum gross vehicle weight. The maximum allowable weight is 73,280 pounds, but defendant was operating a vehicle found to have a weight of 95,357 pounds. Defendant was convicted by a district justice and fined $6,000, plus costs. He then filed an appeal to this court, and a de novo hearing was held before us on May 30, 1979.

At the hearing, defendant contended that the weighing of his vehicle was a "search," and that the search was conducted without probable cause. We do not agree.

Under the former Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §904 (repealed), a peace officer was

empowered to require the weighing of a vehicle if the officer had "reason to believe" that the gross weight of the vehicle was unlawful. The phrase "reason to believe" was interpreted as requiring probable cause: Com. v. Dooley, 209 Pa. Superior Ct. 519, 232 A. 2d 45 (1967); Com. v. McCaskey, 75 D. & C. 2d 25 (1976).

There is, however, no similar requirement in the new Vehicle Code. According to 75 Pa.C.S.A. §4981(a), "[a]ny police officer is authorized to require the driver of any vehicle . . . to stop and submit the vehicle or combination to be measured and weighed." There is no "reason to believe" or "probable cause" requirement.

In any event, the arresting officer clearly had probable cause to believe defendant's truck was overweight. The officer testified that the trailer was loaded above the sideboards, that the canvas cover was bulging, and that the tires were sagging, all of which would enable a reasonable man to conclude that an overweight situation existed. Hence, even if probable cause were required, there would still be no merit to defendant's suppression application.

ORDER

And now, July 16, 1979, appellant's application to suppress is dismissed. After hearing held, we adjudge defendant guilty as charged, and accordingly, defendant is directed to pay the costs of these proceedings and a fine of $6,000 to the Commonwealth of Pennsylvania for the use of the County of Columbia.