# Commonwealth v. Rickabaugh

C.P. of Blair County, no. 97 CR 272, 273.

*David Gorman, district attorney,* and *Jackie Bernard, assistant district attorney,* for Commonwealth.
*John Siford,* for defendant.

CALLAN, *J.,* January 26, 1998—This matter comes before the court for disposition of the defendant's motion for extraordinary relief, challenging the constitutionality of the "sexually violent predator" provisions of Pennsylvania's Megan's Law (42 Pa.C.S. §§9791-9799).

## FINDINGS OF FACT

The defendant, Robert L. Rickabaugh, pled guilty pursuant to an agreement on August 25, 1997, to numerous sexual and related offenses for acts committed against two minor victims, his daughters. More specifically, the defendant pled guilty to the following offenses:

—at 97 CR 272 (A1) Count 2, rape; Count 4, aggravated indecent assault; Count 6, indecent assault; Count 7, involuntary deviate sexual intercourse; Count 9, incest; Count 10, corruption;

—at 97 CR 272 (A2) Count 1, rape; Count 5, aggravated indecent assault; Count 8, indecent assault; Count 9, incest; Count 10, corruption; Count 11, involuntary deviate sexual intercourse;

—at 97 CR 273 (A1) Count 2, aggravated indecent assault; Count 4, indecent assault; Count 5, corruption; and

—at 97 CR 273 (A2) Count 2, rape; Count 4, involuntary deviate sexual intercourse; Count 6, aggravated indecent assault; Count 8, indecent assault; Count 11, incest; Count 12, corruption.

Pursuant to his plea agreement, the defendant will serve a minimum of 15 years incarceration. The plea agreement provides for consecutive five-year sentences on each of the three rape charges and a two and one-half year concurrent sentence on the aggravated indecent assault.

The pleas entered to all the informations mandate Megan's Law offender's registration. The charges of rape and aggravated indecent assault at 272 A1, A2 and 273 A1 require assessment and a determination as to being a "sexually violent predator."

At the time of the guilty plea, the defendant reserved his right to challenge the constitutionality of the "sexually violent predator" provision of Megan's Law. The motion for extraordinary relief was filed on or about October 29, 1997. Oral arguments were heard on November 13, 1997. Briefs were filed thereafter.

The defendant raises seven constitutional issues:

(1) Procedural due process

(2) Substantive due process

(3) Vagueness

(4) Double jeopardy

(5) Bill of attainder

(6) Right to privacy

(7) Cruel and unusual punishment.

These constitutional issues are raised in the context of both the federal and the Commonwealth constitutions.

## DISCUSSION

It is well settled that there is a strong presumption that legislative enactments do not violate the constitution and there is a heavy burden of persuasion upon one who challenges the constitutionality of a statute. *Com-*

*monwealth v. Barud*, 545 Pa. 297, 681 A.2d 162 (1996). A statute will only be found unconstitutional if it clearly, palpably and plainly violates the constitution. *Id.* (citing *Commonwealth v. Mikulan,* 504 Pa. 244, 470 A.2d 1339 (1983)).

In 1995, the General Assembly amended the Sentencing Code to add a subchapter H, registration of sexual offenders, 42 Pa.C.S. §§9791-9799, generally referred to as Megan's Law. This subchapter was thereafter amended in 1996. At issue are the provisions of the statute which establish a procedure for adjudicating certain offenders as "sexually violent predators" and the consequences of that classification.

The procedure for adjudicating a person to be a "sexually violent predator" requires a post-conviction, pre-sentence board assessment and a hearing before the court. The Act states:

"(b) Presumption.—An offender convicted of any offense set forth in section 9793(b) shall be presumed by the board and the court to be a sexually violent predator. This presumption may be rebutted by the offender by clear and convincing evidence at a hearing held in accordance with subsection (e).

"(e) Court review of findings.—Upon receipt of the board's report, the court shall determine if the offender is a sexually violent predator. This determination shall be made based on evidence presented at a hearing held prior to sentencing and before the trial judge. The offender and district attorney shall be given notice of the hearing and an opportunity to be heard, the right to call witnesses, the right to call expert witnesses and the right to cross-examine witnesses. In addition, the offender shall have the right to counsel and to have a lawyer appointed to represent him if he cannot afford one. After a review of all evidence presented at this

hearing, the court may determine whether the presumption arising under subsection (b) has been rebutted and shall set forth this determination of the sentencing order. A copy of the sentencing order containing the determination shall be submitted to the Pennsylvania Board of Probation and Parole and the Department of Corrections." 42 Pa.C.S. §9774.

There are notification and registration requirements for a person determined to be a "sexually violent predator." A person so found to be a "sexually violent predator" must be sentenced to a mandatory maximum sentence of life. 42 Pa.C.S. §9799.4(a). If, in the future, the so designated predator is convicted of another predicate offense while on parole for life, the predator must be sentenced to life imprisonment for that offense. 42 Pa.C.S. §9799.4(c).

The Commonwealth takes the position that the assessment and hearing procedures are merely sentencing procedures which enhance the potential sentence. The defendant's due process rights are protected as he is afforded notice, the opportunity to be heard and counsel prior to the determination as to being a predator. The presumption that he is a "sexually violent predator" flows directly from conviction, where the burden was on the Commonwealth. If the defendant seeks a downward departure from the presumed maximum sentence, case law and statutes permit the defendant to maintain the burden.

The logic of these assertions is less than persuasive. If the determination of being a "sexually violent predator" flows from the conviction, why is a hearing necessary? Why extend any appearance of due process if the mitigation theory is followed? Has not the defendant under the prior Sentencing Code always had the right to offer or present mitigating evidence at the

time of sentencing? The essence of the mitigation theory is that unless the defendant proves otherwise by clear and convincing evidence, he is a "sexually violent predator" on the basis of the conviction alone and no separate finding or determination is necessary. This is not what the clear language of the statute sets forth. There is no reason to interpret the statute. The procedures and the presumption are clearly set forth and need no interpretation.

If it is necessary to engage in legal or judicial contortions to find the contested sections of the statute constitutional, then there is something defective in that statute. That defect is that the contested sections of the statute cannot pass constitutional muster.

There can be no question that the imposition of a maximum life sentence is not a mere enhancement of the sentence. It is an expansion of the statutory maximum imposed for the predicate offenses. The 20-year maximum sentence of the most serious predicate offenses is extended to a maximum of life for a defendant found to be a "sexually violent predator." The finding as to being a "sexually violent predator" extends or expands the maximum sentence beyond the maximum sentence for one not so designated as a "sexually violent predator." The statute is punitive in nature.

Megan's Law is more like the Sex Offenders Act in *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209 (1967), than the mandatory sentencing statute in *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411 (1996). The United States Supreme Court in *McMillan* indicated that where proof of an additional fact at sentencing will enhance a sentence, the state need only establish that fact by a preponderance of the evidence. In that opinion, Justice Rehnquist stated that the mandatory sentencing statute "neither alters the maximum penalty

for the crime committed nor creates a separate offense calling for a separate penalty; it operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it without the special finding of a visible possession of a firearm." *Id.* at 87-88. The same theory has been applied by the Pennsylvania Supreme Court as to the determination of the minimum sentence without expanding the maximum sentence. *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985).

The United States Supreme Court in *Specht* held the Colorado Sex Offenders Act to be unconstitutional. The court said:

"The Sex Offenders Act does not make the commission of a specified crime the basis for sentencing. It makes one conviction the basis for commencing another proceeding under another Act to determine whether a person constitutes a threat of bodily harm to the public or is an habitual offender and mentally ill. That is a new finding of fact . . ., that was not an ingredient of the offense charged. The punishment under the second Act is criminal punishment even though it is designed not so much as retribution as it is to keep individuals from inflicting future harm." *Specht v. Patterson, supra,* 386 U.S. at 608-609. (citation omitted)

See also, *Commonwealth v. Dooley,* 209 Pa. Super. 519, 232 A.2d 45 (1967), *alloc. denied* (holding Barr-Walker Act unconstitutional).

The Barr-Walker Act was held to violate the defendant's due process rights in *Gerchman v. Maroney,* 355 F.2d 302 (3d Cir. 1966). The reasoning in *Gerchman* was adopted in *Specht.* The Barr-Walker Act is more like Megan's Law than it is different therefrom. The

procedures and consequences are very similar. The Third Circuit Court held:

"The proceeding under the Barr-Walker Act is thus ... a separate criminal proceeding which may be invoked after conviction of one of the specified crimes. Petitioner therefore was entitled to a full judicial hearing before the magnified sentence was imposed . . . A defendant in such a proceeding is entitled to the full panoply of the relevant protections which due process guarantees in state criminal proceedings. He must be afforded all those safeguards which are fundamental rights and essential to a fair trial including the right to confront and cross-examine the witnesses against him." *Gerchman v. Maroney, supra,* 355 F.2d at 312.

Based upon *Gerchman, Specht,* and *Dooley,* it is clear that Pennsylvania's Megan's Law is unconstitutional for failing to provide the full panoply of due process protections under the federal and Commonwealth constitutions in the procedures to determine a defendant to be a "sexually violent predator."

This failure to provide for the necessary due process protections includes the presumption of being a "sexually violent predator" (42 Pa.C.S. §9794(b)). The burden is placed on the defendant to prove by clear and convincing evidence that he is not a "sexually violent predator." The shifting of this burden is unconstitutional. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068 (1970).

## CONCLUSIONS OF LAW

(1) The court has jurisdiction in this matter.

(2) The objection and constitutional challenge to the "sexually violent predator" provisions of Megan's Law

were properly raised and preserved at the time of the defendant's guilty plea.

(3) The imposition of life parole is punishment.

(4) The application of Megan's Law as to a determination of being a "sexually violent predator" exposes the defendant to a magnified sentence beyond the defined statutory maximum of 20 years for the most serious offense.

(5) The adjudication as to being a "sexually violent predator" involves a new finding of fact that is not an ingredient of the offenses charged.

(6) The shifting of the burden as to the determination of being a "sexually violent predator" from the Commonwealth to the defendant is unconstitutional.

(7) The "sexually violent predator" provisions of Pennsylvania's Megan's Law (section 9794) are unconstitutional for failing to provide the full panoply of due process protections under the federal and Commonwealth constitutions.

(8) The registration provisions of Megan's Law apply to the defendant as an offender but not the heightened requirements under the unconstitutional provisions as a "sexually violent predator."

In light of the foregoing, the following order is deemed to be appropriate:

## ORDER

And now, January 26, 1998, after a review of the pleadings, the arguments and in conformance with the cited case law, it is ordered, directed, and decreed that the defendant's motion for extraordinary relief is granted in that the procedures contained in section 9794 violate

the defendant's right to due process under the constitutions of the United States and this Commonwealth.

The defendant's sentencing in conformance with his plea agreement is to be scheduled by the court administrator.