J. A18008/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
GARY LEE ROSE, : No. 1785 MDA 2014
:
Appellant :


Appeal from the Judgment of Sentence, July 21, 2014,
in the Court of Common Pleas of Clinton County
Criminal Division at No. CP-18-CR-0000062-2011


BEFORE: FORD ELLIOTT, P.J.E., STABILE AND MUSMANNO, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 25, 2015**

Gary Lee Rose appeals from the judgment of sentence of July 21, 2014, following revocation of his County Intermediate Punishment sentence. We affirm.

On December 30, 2010, appellant was arrested for driving under the influence ("DUI"), a misdemeanor of the first degree ("2011 case"). Appellant had a prior record score of four which included two prior DUI offenses during the preceding ten years. On September 9, 2011, appellant pleaded guilty[1] to DUI and on the same day was placed in the County Intermediate Punishment ("County IP") program under the supervision of

---

[1] Appellant filed a motion to withdraw his plea which was denied. Appellant appealed to this court. In an unpublished memorandum opinion filed June 25, 2012, at No. 2259 MDA 2011, we affirmed.

the Clinton County Adult Probation Office[2] for a period of five years, with nine months' incarceration to be served at the Clinton County Correctional Facility.

On January 12, 2012, prior to the start of the 2011 County IP sentence and while he was out on bail, appellant was again arrested for DUI ("2012 case"). He had a prior record score of five, and the gravity score for that offense was five.

Appellant began the nine-month incarceration portion of his 2011 County IP sentence at the Clinton County Correctional Facility on January 30, 2012.

On May 7, 2012, appellant entered a guilty plea in the 2012 case, and on that same date he was sentenced to serve a sentence of twelve months to sixty months in a State Correctional Institution ("2012 State sentence"). Appellant was deemed eligible for the Recidivism Risk Reduction Incentive ("RRRI") Program. The trial court imposed a minimum sentence under the RRRI Program of three quarters of the original minimum sentence (nine months). The 2012 State sentence (nine months RRRI) was to run consecutively to the nine-month incarceration portion of the 2011 County IP sentence. At the May 7, 2012, sentencing hearing in the 2012 case, the trial court explained:

---

[2] Appellant was sentenced to participation in the Clinton County IP program in accordance with 42 Pa.C.S.A. § 9763.

> You have to do the 62-2011 [2011 case] incarceration first. Then you start this nine months under the RRRI sentence second. And then you'll be eligible for parole when you do the minimum sentence. And the State Board of Probation and Parole will handle your parole. I'll have nothing to do with it.

Hearing transcript, 5/7/12 at 18.

On June 5, 2012, appellant was transferred from the Clinton County Correctional Facility to SCI-Huntington to serve, consecutively, the balance of the incarceration portion of his 2011 County IP sentence and nine-month 2012 State RRRI minimum sentence. The nine-month incarceration portion of his 2011 County IP sentence expired in October 2012.[3] Nine months later, on July 30, 2013, when appellant completed his minimum nine-month RRRI sentence, the State Board of Probation and Parole ("Parole Board") paroled appellant. At that point, appellant was under the supervision of both the County Probation Office (on his 2011 County IP case) and Parole Board (on his 2012 case).[4]

---

[3] The probationary portion of the 2011 County IP sentence in the 2011 case was still to be served.

[4] In the 2011 case, the trial court had requested "Special Probation/Parole Supervision" (Form BPP-325) pursuant to 61 Pa.C.S.A. § 6132. However, the Parole Board specifically declined acceptance of appellant for supervision in the 2011 case. Pursuant to the Board's regulations, 37 Pa.Code § 65.1, the Parole Board has discretion to accept a case for supervision.

> Acceptance of a case for supervision or presentence investigation from a county which, on December 31, 1985, maintained adult probation offices and parole systems, will be at the Board's discretion. The Board

On March 4, 2014, during his parole supervision and while he was awaiting the start of the probationary portion of his 2011 County IP sentence, a Clinton County Probation agent and a State Parole Board agent visited appellant for the purpose of drug testing. Appellant tested positive for controlled substances, specifically, opiates, oxycodone, amphetamine, and cocaine. (R-24.) Both the State and the County immediately issued detainers for their sentences. The Parole Board recommitted appellant as a technical parole violator to serve six months' backtime. Appellant was to be automatically re-paroled without further action of the Board on September 4, 2012, with a parole maximum date of October 30, 2014. (Notice of Parole Board decision, 4/3/14, at 1; R-25.)

---

will ordinarily accept a case that meets the following criteria:

(1)   For supervision:

(i)   A felony conviction and a sentence to serve a probationary term of at least 2 years.

(ii)   A felony conviction and parole from a sentence with a balance of at least 6 months.

(iii)   A case otherwise under the Board's jurisdiction.

By letter dated November 8, 2013, the Parole Board notified the trial court that "[t]he Board is not empowered to supervise [County] intermediate punishment." (Letter from Parole Board to the trial court, 11/8/13 at 1; R-23.)

Meanwhile, on March 7, 2014, the Clinton County Adult Probation Unit filed a Motion to Revoke appellant's County IP sentence. On July 21, 2014, after a hearing, the trial court granted the motion and revoked the 2011 County IP sentence. The trial court re-sentenced appellant in the 2011 case as follows:

> 2. [Appellant] shall undergo imprisonment in a State Correctional Institution for a definite time, the minimum of which shall be twenty-one (21) months and the maximum of which shall be sixty (60) months and stand committed to the State Correctional Institutional (sic) at Camp Hill, Pennsylvania, for compliance of this sentence. The sentence of imprisonment shall be deemed to run consecutively to the sentence issued to number 86-2012. [Appellant] is entitled to two hundred seventy-three (273) day (sic) credit that [appellant] had previously served in this matter.
>
> 3. The Court finds that [appellant] is an eligible offender for the Recidivism Risk Reduction Incentive Program (RRRI); and pursuant to 42 Pa.C.S.A. 5305, the Court imposes a recidivism risk reduction incentive minimum sentence of fifteen (15) months and twenty-two (22) days, which is three quarters of [appellant's] minimum sentence.

Trial court order, 7/21/14 at 4-5.

On July 31, 2014, appellant filed a motion to modify sentence in the 2011 case. The trial court vacated its July 21, 2014, sentencing order pending a hearing on the motion to modify sentence. A hearing was held on September 22, 2014. On September 23, 2014, the trial court denied

appellant's motion to modify sentence and reinstated its July 21, 2014, sentencing order in its entirety.

On appeal, appellant raises one issue:

> [1.] Did the [trial] court have jurisdiction to re-sentence [appellant] while he was on State Parole supervision, and prior to when the probationary portion of the intermediate punishment sentence was to start?

Appellant's brief at 7.

In an appeal from a sentence imposed after the court has revoked IP sentence, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033 (Pa.Super. 2013) (*en banc*). In this case, appellant challenges the trial court's authority or jurisdiction to re-sentence him which goes to the legality of the sentence. *See Commonwealth v. Cappellini*, 690 A.2d 1220 (Pa.Super. 1997).

Appellant argues that the Parole Board had exclusive authority to parole him because he was sentenced to a maximum term of two years or longer, *Commonwealth v. Tilghman*, 652 A.2d 390 (Pa.Super. 1995); *Commonwealth v. Call*, 378 A.2d 412 (Pa.Super. 1977), and that the Parole Board acquired exclusive parole authority when the Department of Corrections aggregated his sentences. *Gillespie v. Commonwealth Department of Corrections*, 527 A.2d 1061 (Pa.Cmwlth. 1987). He

asserts that the Parole Board granted him automatic re-parole on September 4, 2014, in both cases, and that the trial court usurped the exclusive jurisdiction of the Parole Board when it revoked his County IP sentence and re-sentenced him. Appellant further contends that the trial court divested itself of the authority to revoke his County IP sentence and re-sentence him because it was "the Court's intent that the [Parole Board] would handle [appellant's] supervision for both cases." (Appellant's brief at 12.)

At the outset, we do not agree that appellant was under the exclusive jurisdiction of the Parole Board in the 2011 case at the time he committed the technical violation. The essence of "parole" is the release from prison before the completion of sentence. *Lee v. Pennsylvania Board of Probation and Parole*, 885 A.2d 634 (Pa.Cmwlth. 2005). While a person is on "parole" he is in fact still serving his sentence. *Commonwealth v. Frankenhauser*, 375 A.2d 120 (Pa.Super. 1977).

When appellant was released on parole on July 30, 2013, he had served the nine-month incarceration portion of his 2011 County IP sentence, and was waiting to serve the probationary portion. Appellant could not be "paroled" from the incarceration portion of his County IP sentence because it had expired by operation of law in October of 2012. There was nothing for the Parole Board to assess in terms of whether and if appellant should be released early. Once on parole in the 2012 State case, nothing in

Section 6132 of the Prisons and Parole Code ("Parole Code"), 61 Pa.C.S.A. § 6132, gave the Parole Board power or jurisdiction to assess whether appellant violated the terms of the remainder of his County IP sentence or to revoke it.

Instead, that power lies exclusively with the trial court which derives its authority to revoke appellant's County IP sentence upon proof of violation from 42 Pa.C.S.A. § 9773. Section 9773 provides:

### § 9773. Modification or revocation of county intermediate punishment sentence

**(a)** **General rule.--**The court may at any time terminate a sentence of county intermediate punishment or increase or decrease the conditions of a sentence pursuant to section 9763 (relating to sentence of county intermediate punishment).

**(b)** **Revocation.--**The court may revoke a sentence of county intermediate punishment upon proof of a violation of specific conditions of the sentence. Upon revocation and subject to section 9763(d), the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. Upon a revocation of county intermediate punishment for any reason specified by law, the attorney for the Commonwealth may file notice, at any time prior to resentencing, of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence. Consideration shall be given to the time served in the county intermediate punishment program.

> **(c) Hearing required.--**A court shall not revoke or increase the conditions of a sentence of county intermediate punishment without a hearing at which the court shall consider the record of the initial sentencing proceeding as well as the conduct of the defendant while serving a sentence of county intermediate punishment. A hearing is not required to decrease the conditions of the sentence.

42 Pa.C.S.A. § 9773.

It is essential that the trial court maintain the ability to incarcerate persons for whom intermediate punishment is no longer a viable means of rehabilitation. *Commonwealth v. Serrano*, 727 A.2d 1168 (Pa.Super. 1999). A trial court has both jurisdiction and authority to terminate county intermediate punishment throughout the period of the conditional sentence. *Commonwealth v. Concordia*, 97 A.3d 366 (Pa.Super. 2014). Upon revocation of intermediate punishment, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. *Commonwealth v. Melius*, 100 A.3d 682 (Pa.Super. 2014); 42 Pa.C.S.A. § 9773.

Pursuant to 42 Pa.C.S.A. § 9773, appellant remained in the legal custody of the trial court until the expiration of the five-year probationary portion of his County IP sentence. Appellant failed to complete his County IP program successfully because he violated its terms prior to when the probationary portion of that sentence was to start. At that point, the trial

court had exclusive authority to revoke appellant's County IP sentence and to re-sentence him following revocation. We have held that:

> "If, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not 'change his position from the possession of a privilege to the enjoyment of a right.'"

***Commonwealth v. Wendowski***, 420 A.2d 628, 630 (Pa.Super. 1980), quoting ***James v. U.S.***, 140 F.2d 392, 394 (5th Cir. 1944). ***See also Commonwealth v. Allshouse***, 33 A.3d 31, 39 (Pa.Super. 2011).[5]

Further, the record reveals that the trial court did not, as appellant suggests, "turn over all of [appellant's] supervision to the PA Board of Probation and Parole." (Appellant's brief at 13.) The Parole Board specifically refused to accept appellant for supervision in the 2011 County IP case because that sentence involved the probationary portion of a County IP program and the Parole Board was not empowered to accept supervision

---

[5] Although ***Wendowski*** and ***Allshouse*** involved the revocation of probation imposed pursuant to 42 Pa.C.S.A. § 9754 (governing orders of probation), we see no reason not to apply this same rationale where a defendant violates the conditions of County IP before the probationary portion of his sentence commences.

- 10 -

over those types of cases. Nevertheless, even if he had been "supervised" by the Parole Board, as argued by appellant, this would not have impeded the trial court's exclusive jurisdiction to revoke County IP sentence and re-sentence appellant under 42 Pa.C.S.A. § 9773. ***See Commonwealth v. Mitchell***, 955 A.2d 433 (Pa.Super. 2008) (the trial court retains the power, authority, and jurisdiction to revoke special probation and sentence the defendant, regardless of the Parole Board's supervisory powers).

The judgment of sentence of the trial court is affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2015

- 11 -